# EXHIBIT D

# MIDWEST TRANSPORT, INC.

## TRUST AGREEMENT



FGE
BENEFITS

TRUST AGREEMENT

FOR

THE HEALTH & WELFARE PLAN

OF

MIDWEST TRANSPORT, INC.

# TABLE OF CONTENTS

ARTICLE

Page

ARTICLE I.   DEFINITIONS............................................................................................ 1

ARTICLE II.   ESTABLISHMENT OF TRUST FUND........................................................ 2

ARTICLE III.   NAMED FIDUCIARIES AND ALLOCATION OF

RESPONSIBILITIES............................................................................... 3

ARTICLE IV.   AUTHORITY AND DUTIES OF FIDUCIARIES........................................ 5

ARTICLE V.   RIGHTS, POWERS AND DUTIES OF TRUSTEE ..................................... 8

ARTICLE VI.   AMENDMENT, TERMINATION AND DURATION OF TRUST... 15

ARTICLE VII.   MISCELLANEOUS...................................................................................... 17

TRUST AGREEMENT
FOR
THE HEALTH & WELFARE PLAN
OF
MIDWEST TRANSPORT, INC.

THIS TRUST AGREEMENT is made as of April 1, 2005, by and between Midwest Transport, Inc., a Delaware corporation, as Employer and Plan Sponsor "Employer" or "Plan Sponsor") and MARILYN A. WARD, ESQ., an individual, and IVIAN C. LEWIS ESQ., an individual, as co-trustees (collectively "Trustee").

## BACKGROUND

Employer has established this Trust and related Plan for the purposes of (1) receiving health and welfare contributions from Employer and (2) providing health nd welfare benefits for employees of Employer.

Employer will serve as Plan Administrator to carry out the purposes of the 'lan and Trust.

Employer has appointed Trustee to act as trustee of the Trust, and Trustee is villing to act under this Trust Agreement.

It is intended that the Plan and Trust Agreement qualify under Sections 105 1d 106 of the Internal Revenue Code of 1986 as amended ("Code") and conform to .e requirements of the Employee Retirement Income Security Act of 1974, as nended from time to time ("ERISA") and in other ways deemed advisable.

NOW, THEREFORE, in consideration of the mutual undertakings of the rties hereto, it is hereby agreed by the undersigned as follows.

## ARTICLE I.   DEFINITIONS

The capitalized terms, words and phrases used in this Agreement will have same meaning as those terms, words and phrases as defined in the Plan.

1

## ARTICLE II.    ESTABLISHMENT OF TRUST FUND

2.1    <u>Employer Contributions</u>. The Trust Fund under this Trust Agreement will consist of (a) those sums of money, insurance proceeds or other property as are from time to time paid or delivered to Trustee by Employer as the contributions of Employer under the Plan and any amounts paid or delivered to Trustee by an insurer and (b) all earnings, profits, increments, and accruals on those sums of money or other property.

2.2    <u>Trust Fund</u>. Title to the Trust Fund will vest in Trustee, and the Trust Fund will be held by Trustee and administered under this Trust Agreement and the Plan. Trustee will have no responsibility or authority for the determination of the amounts to be paid to it under the Plan by Employer or any Participant, nor will it have (a) any responsibility for the adequacy of the Trust Fund to meet and discharge any or all payments and liabilities under the Plan or (b) any obligation to bring any action or proceeding to enforce the collection of any contribution from Employer or any Participant.

2.3    <u>Funding Policy</u>. In accordance with the terms of the Plan, Employer will establish and implement a funding policy for the purpose of insuring that the Plan will have sufficient, readily available liquid assets in order to meet its obligations with respect to payments required under the Plan and this Trust. Such funding policy will be consistent with the purposes of the Plan and the requirements of applicable law. Employer will provide Trustee with a written report setting forth the funding policy. That policy, as set forth in the report, will remain in effect until amended or superseded in writing by Employer. As part of the funding policy, Employer will direct Trustee to invest the assets of the Trust Fund in such a manner so as to provide sufficient cash assets in an amount determined by Employer, under the funding policy then in effect, to be necessary to meet the liquidity requirements or administration of the Plan. Trustee's discretion in investing the assets of the Trust Fund will be subject to the funding policy, and any changes in that policy as Employer may, under the Plan, adopt from time to time and communicate to Trustee in writing. All investments of the assets of the Trust Fund made by the Trustee will be in accordance with the funding policy and the further terms of the Trust.

# ARTICLE III.   NAMED FIDUCIARIES AND ALLOCATION OF RESPONSIBILITIES

3.1    Named Fiduciaries. The following persons will be Named Fiduciaries and will be the only Named Fiduciaries under this Trust.

    (a)    Appointment of Fiduciaries.

        (i)    Trustee. Employer, acting by majority action through its board of directors or other governing body, will be responsible for the appointment and removal or replacement of Trustee.

        (ii)    Plan Administrator. Employer will serve as Plan Administrator until such time as Employer appoints another person as Plan Administrator.

        (iii)    Investment Manager. Plan Administrator may, in its discretion, appoint, remove and replace one or more Investment Managers, as defined in Section (3)(38) of ERISA, to manage, acquire and dispose of the portion of the Trust Fund designated by Plan Administrator.

    (b)    Control or Management of Trust Assets. Trustee will have exclusive authority and discretion to manage and control funds except to the extent that authority to manage, acquire or dispose of any part of the Trust Fund is delegated to one or more Investment Managers or to the Plan Administrator.

    (c)    Trust Administration. Employer will be the Plan Administrator and as such will be the Named Fiduciary with respect to administration of the Plan and Trust under this Agreement. While Employer will have the power in its sole and absolute discretion to interpret the provisions of the Plan and Trust except as provided in paragraph (d) below, the Employer may delegate to an appointed Plan Administrator the power to supply omissions in the Plan and Trust and to establish rules and regulations for the administration of the Plan and Trust, including but not limited to, who are Participants and how benefits are determined. All those interpretive decisions by Employer and administrative decisions by Plan Administrator will be binding on all persons having an interest in the Plan and Trust except such interpretive and administrative decisions shall not be binding on any insurance carrier providing benefits to Employees of the Employer.

    (d)    Insurer. To the extent that any Plan benefits are provided by an Insurer under an insurance policy covering Employees of the Employer, the Insurer shall have the power in its sole and absolute discretion to interpret the provisions of its insurance policy including, but not limited to, eligibility for coverage, eligibility for benefits, benefits amounts, and all other matters relating to such insurance policy.

3.2    Joint Fiduciary Responsibilities. This Article is intended to allocate to each Named Fiduciary the individual responsibility for the prudent execution of the functions assigned to the Named Fiduciary, and none of those responsibilities or any other responsibility will be shared by two or more Named Fiduciaries unless such sharing will be provided by specific provision of this Trust and such Named Fiduciaries have accepted such responsibilities in writing. Whenever one Named Fiduciary is required by the Trust or Plan to follow the directions of another Named Fiduciary, the two Named Fiduciaries will not be deemed to have been assigned a shared responsibility, but the responsibility of the Named Fiduciary giving the directions will be deemed that Fiduciary's sole responsibility, and the responsibility of the Named Fiduciary receiving those directions will be to follow them insofar as such instructions are consistent with the provisions of this Trust and of ERISA.

3.3    Allocation Or Delegation Of Fiduciary Responsibilities. Each Named Fiduciary (other than Trustee and any Investment Manager) may by written instrument allocate to others and delegate to others any of its rights, powers and duties, terminable on such notice as the delegating Named Fiduciary deems prudent. Any person may serve in more than one fiduciary capacity with respect to the Trust.

3.4    Co-Fiduciary Liability. It is the intent of this Trust Agreement that each Named Fiduciary under the Trust will be solely responsible for its own acts or omissions. Except to the extent imposed by ERISA, no Named Fiduciary will have the duty to question whether any other Named Fiduciary is fulfilling all of the responsibilities imposed on such other Named Fiduciary by ERISA. No Named Fiduciary will have any liability for a breach of fiduciary responsibility of another Named Fiduciary with respect to this Trust Agreement unless that Fiduciary participates knowingly in such breach, knowingly undertakes to conceal such breach, has actual knowledge of such breach and fails to take reasonable remedial action to remedy said breach, or, through his negligence in performing his own specific fiduciary responsibilities which give rise to his status as a Named Fiduciary, he has enabled such other Named Fiduciary to commit a breach of the latter's fiduciary responsibilities. Trustee will act only with respect to the Trust established under this Trust Agreement.

3.5    Trustee's Limited Responsibilities. The responsibilities and obligations of Trustee will be strictly limited to those set forth in this Agreement. Except to the extent required by ERISA, Trustee will not be responsible for in any way or any manner in which the Employer, Investment Manager or any agent of either carries

4

out its respective responsibilities under this Agreement, or more generally, under the Plan.

3.6     Limit on Liability.  Trustee will not be liable for any loss to or diminution of the Trust Fund except as is due to its own gross negligence, reckless disregard or willful misconduct, or has resulted from a material breach of the responsibilities, obligations and duties imposed on it by Title I of ERISA.

3.7     Indemnification of Trustee.  Trustee will be fully protected and indemnified by Employer in relying on information, direction or instructions received from Employer with respect to the management or control of the assets in the Trust Fund, which information, direction and instructions Trustee reasonably believed to be authentic.

Employer will indemnify and hold harmless each Trustee against all claims, loss, cost, liabilities, expenses and damages, including attorney's fees and court costs ("Claim"): (a) occasioned by an act or omission to act in connection with the responsibility of Trustee for the administration of this Plan; or (b) arising under or by virtue of the provisions of Part 4, Subtitle B, Title I of ERISA; except for any Claim caused solely by the gross negligence, reckless disregard or willful misconduct of Trustee.

## ARTICLE IV.    AUTHORITY AND DUTIES OF FIDUCIARIES

4.1     Investment Authority.

(a)     Employer Authority.  The assets held in the Trust Fund will be subject to the investment power and authority of Employer, or of an Investment Manager if one is appointed under the Plan.  Trustee will invest and reinvest the assets held in the Trust Fund, both principal and income, in those securities or other properties as Employer advises and directs in writing and in a manner otherwise acceptable to Trustee in order to carry out the purposes of the Plan and Trust.  All such directions will be signed by authorized persons; provided however, that Trustee, in her discretion, may accept email and facsimile directions from such authorized persons, subject to confirmation in writing with original signature if requested in the discretion of Trustee; provided further that if email or facsimile directions are so accepted, Trustee will have no liability if the instructing person fails to confirm such instructions in writing as specified above when requested to do so by Trustee.  Trustee will be fully protected and will have no liability in following written directions of Employer, including, without limitation, liability for payment

of fees, charges or expenses of any Investment Manager; provided, however, that on written direction from Employer, Trustee will pay any Investment Manager its fees from the Trust Fund in the manner directed by Employer, and Trustee will be entitled to act on any written direction made to it where it is signed by any authorized officer of Employer. Trustee will have no power or authority over the investment of Trust Fund assets which are under the power or authority of an Investment Manager, and will have no responsibility or liability for investment of those assets and no duty to determine if any Investment Manager is acting within the limits of its investment authority.

   (b) <u>Investment Manager Authority</u>. In the event an Investment Manager is appointed by Plan Administrator, it will direct Trustee with respect to the investment and management of all or a specified portion of the assets of the Trust Fund. Trustee will not be liable nor responsible for losses or unfavorable results arising from Trustee's compliance with proper directions of the Investment Manager which are made under the terms of the Trust and which are not contrary to the provisions of any applicable Federal or State statute regulating such investment and management of the assets of an employee benefit trust. All directions concerning investments made by the Investment Manager will be signed by such person or persons, acting on behalf of the Investment Manager, as may be duly authorized in writing. Trustee will be under no duty to question any directions of the Investment Manager nor to review any securities or other assets of the Trust Fund over which an Investment Manager has investment responsibility, nor to make any suggestions to such Investment Manager in connection therewith. Trustee will promptly comply with any written direction given by the Investment Manager under this Trust. Trustee will not be liable in any manner nor for any reason for the making or retention of any investment under such directions of the Investment Manager. The Investment Manager will not direct the purchase, sale or retention of any assets of the Trust Fund if such directions are not in compliance with any applicable Federal or State statute regulating such investment and management of the assets of an employee benefit trust.

   (c) <u>Securities Rights</u>. During such period or periods of time, if any, as an Investment Manager is authorized to direct the investment and management of the assets of the Trust Fund, Trustee will have no obligation to determine the existence of any conversion, redemption, exchange, subscription or other right relating to any securities, and will have no obligation to exercise any such right unless Trustee is informed of the existence of the right and is instructed to exercise such right, in writing, by the Investment Manager within a reasonable time prior to the expiration of such right.

   (d) <u>Authority for Investment in Accounts</u>. Whether or not Trustee, an Investment Manager or Employer has the responsibility for the investment and

management of the Trust Fund, an investment in any type of interest-bearing account maintained by any federal or State chartered bank or savings and loan association or any licensed securities brokerage firm selected by Trustee, including any bank or savings and loan association owned by Trustee or any of its affiliates, in addition to any other investment authorized hereunder, is hereby specifically authorized.

4.2   <u>Insurance Companies Protected In Dealing With Trustee</u>.   Insurance companies issuing contracts under this Trust Agreement may deal with Trustee alone in accordance with the terms and conditions of such contracts, and will be fully protected in accepting and acting on the request, advice or representation of, or any instrument executed by Trustee.   No insurance company will be required to inquire into the terms of this Trust Agreement, or to determine whether action taken by Trustee is authorized thereby.   It will be conclusively presumed in favor of insurance companies and others dealing with the Trust in good faith, that any and all actions taken by Trustee in connection with any matter or thing connected with this Trust have been duly authorized under the terms of this Trust Agreement.

4.3   <u>Discharge of Duties</u>.   In carrying out each of its responsibilities under this Trust, Trustee, Plan Administrator, Employer, Investment Manager, if any, and any other person or entity to whom fiduciary responsibilities hereunder have been delegated will act solely in the interest of the Participants and their Beneficiaries; with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims; by diversifying the investments of the Trust so as to minimize the risk of large losses, unless under the circumstances it is clearly prudent not to do so; and in accordance with this Trust Agreement to the extent it is consistent with ERISA.

4.4   <u>Basis For Trustee Action</u>.   Trustee will be protected in acting on any notice, resolution, request, consent, certificate, report, opinion, letter or other document or communication believed by Trustee to be genuine and to have been signed, transmitted or presented by Employer, an Investment Manager, if any, or agents authorized to act for them (collectively referred to as "Official Persons"). Whenever in the administration of the Trust Fund or this Trust Agreement Trustee believes it necessary or desirable that a matter be proved or established prior to taking, suffering, or omitting any action, that matter (unless other evidence of it is prescribed) will be conclusively established by a letter signed by any one or more Official Persons and that letter will be full warrant to Trustee for any action taken, suffered, or omitted by it.   Neither Trustee nor the Trust Fund will be bound by any notice, direction, requisition or request unless it has been received in writing by

7

· Trustee. In addition, Trustee may consult with counsel (who may be counsel for Employer or for Trustee, but will not be an employee of Trustee) and the opinion of that counsel will be complete authority for action taken, suffered or omitted by Trustee in good faith, in accordance with the opinion of that counsel.

     4.5    <u>Directions To Trustee</u>. Trustee may accept as evidence of the authority of any person or persons acting as Plan Administrator, a certified copy of the resolutions of the governing body of Employer naming such person or persons as Plan Administrator and will be entitled to recognize as such and act on the instructions, directions, consents, and requests of Plan Administrator last certified to it. Trustee may accept as evidence of any action taken or resolution adopted by Plan Administrator a written memorandum or certificate signed by any one or more persons authorized in writing by Plan Administrator to so sign. Trustee may · continue to act in accordance with any such action or resolution until receipt by it of notice rescinding or superseding such action or resolution. Trustee will be held harmless in relying on any certificate, notice, resolution, consent, order, or other communication purporting to have been signed by Plan Administrator which it believes to be genuine, without obligation on the part of Trustee to ascertain whether or not the provisions of the Trust are thereby being complied with. Trustee · will not be required to make any investigation to determine the mailing address of any Participant or the identity or mailing address of any Beneficiary, and will be entitled to withhold making any payments until such information is certified to it by Plan Administrator. Notices or communications from Trustee to Plan Administrator will be addressed to such person or persons as will have been certified to Trustee by Plan Administrator and will be sent to such person or persons at whatever address he or they will have prescribed in writing to Trustee.

## ARTICLE V.   RIGHTS, POWERS AND DUTIES OF TRUSTEE

     5.1    <u>Third Persons Dealing With Trustee</u>. Except as otherwise provided in this Article, any action whatsoever concerning the money, funds or property in the control or possession of Trustee, may be taken by any one Trustee and the signature of any one trustee may be relied on by any person not a party to this Trust. No person not a party to this Trust will be required to interpret the terms and conditions of that Trust Agreement as to the authority of that Trustee, or be responsible to see that any action of Trustee is authorized by the other Trustee or the terms of this Trust Agreement.

8

5.2 <u>Powers Of Trustee</u>. Except as otherwise provided in this Trust Agreement, and except for those of the following powers which are investment powers and which will have been delegated in writing to an Investment Manager separate from Trustee or to Employer or Plan Administrator, and subject to all limitations stated elsewhere in the Trust Agreement, each Trustee will have the following powers affecting the Trust and Trust Fund:

(a) <u>Investments</u>. To invest and reinvest contributions to the Plan and accretions to those contributions, whether capital gains or income, or both, in any property, real, personal or mixed, wherever situated, including insurance or annuity contracts, investment accounts maintained by an insurance company, stocks, loans, bonds, mortgages, notes, deposits in a bank or similar financial institution supervised by the United States or a state, if such deposits bear a reasonable rate of interest, pooled common and collective investment funds of a bank or trust company supervised by a Federal or state agency or any insurance company qualified to do business in a state of the United States and other forms of securities or investments, without being limited by any statutes (other than ERISA), court decisions, rules of court, or otherwise, now or later in force, purporting to limit, restrict or define investments for trustees;

(b) <u>Unproductive Amounts</u>. To reserve from investment and keep unproductive of income any amount of the Trust Fund it believes necessary or advisable, without liability for interest;

(c) <u>Sales and Exchanges</u>. To retain, sell, exchange, convey, transfer or dispose of, and also to grant options on, any property, whether real or personal, at any time held by it, and any sale may be made by a private contract or by public auction;

(d) <u>Real Estate</u>. To manage, operate, insure, repair, improve, demolish, mortgage and lease, without application to any court, for any period, or take any action with any real property held by Trustee as if it were the absolute owner;

(e) <u>Obligations and Litigation</u>. To compromise, compound, and settle any debt or obligation due to or from it as Trustee and to reduce the rate of interest on, to extend or otherwise modify, or to foreclose on default or otherwise enforce any obligation; to begin or defend any litigation for any property believed advisable at the expense of the Trust;

(f) <u>Reorganization</u>. To join in and become a party to any consolidation, merger or other capital readjustment ("reorganization") of any corporation, the stock or securities of which may at any time be held in the Trust Fund, or any plan or agreement for the protection of the interests of the holders of any of those stocks or securities ("protective plan"). Trustee may participate in any protective plan or reorganization as though it were the absolute owner of those

9

stocks or securities, and may deposit with any committee or depository, under any protective plan or reorganization, any stock or securities held in the Trust Fund. Trustee may make payment from the Trust Fund of any charges or assessments imposed by the terms of any protective plan or reorganization and may receive and continue to hold in the Trust Fund any property allotted to the Trust Fund by reason of its participation in that protective plan or reorganization, whether or not it is an investment of the character permitted to Trustee under this Agreement;

     (g)   Voting Securities. To vote, in person or by general or limited proxy, any stock held in the Trust Fund, at any meeting of stockholders, on any business which may come before the meeting; to execute general or limited proxies to one or more nominees; as a stockholder to consent to, approve and authorize any corporate act or proceeding, including any merger, consolidation, lease or sale of corporate property, or dissolution or liquidation of that corporation, whether or not proposed at any meeting, and to execute those documents as may be necessary or appropriate;

     (h)   Tender Offers. To tender, any securities, including employer securities, in response to a tender offer, if the Trustee finds it in the best interest of the Plan's Participants to do so.

     (i)   Conversion Rights. To exercise conversion or subscription rights on any stocks or other securities at any time held in the Trust Fund, or to sell any of those rights;

     (j)   Documents. To make, execute, acknowledge and deliver any and all deeds, leases, assignments, and instruments;

     (k)   Nominee. To transfer securities, Trustee may cause any property held in the Trust Fund to be registered in the name of the nominee of Trustee, without disclosure of the Trust, or may hold any securities held in Trust in bearer from so that they will pass by delivery, but no registration or holding by Trustee will relieve Trustee from its responsibility for the safe custody and disposition of the Trust Fund under this Agreement;

     (l)   Borrowing. To borrow money to accomplish any purpose of this Trust from any source, including itself, and to pledge or mortgage any property of the Trust Fund;

     (m)   Deposits. To hold, invest and reinvest the principal or income of the Trust Fund in money market, demand accounts or certificates of deposits in financial institutions in which all funds will be fully insured by a government agency; to transfer any amounts in this Trust to any other welfare benefit trust maintained by Employer; to retain all or any portion of the Trust Fund in cash temporarily awaiting investment without liability for interest thereon and to retain in cash without liability for interest thereon so much of the Trust Fund as Trustee may deem advisable for the purpose of meeting contemplated payments under the

10

Trust and to deposit cash in any bank selected by it, including Trustee's own banking department, if any;

(n)     Insurance Benefits.  To procure, when appropriate, insurance or benefits for the Plan which may take the form of full insurance, stop loss insurance, excess loss insurance, re-insurance or benefits purchased through another trust; and in so procuring such insurance or other benefits to negotiate with insurance carriers and/or their representatives on behalf of Employer, to execute applications, contracts, trust agreements and all other necessary documents for the purchase of such insurance or other benefits on behalf of Employer, to modify or to terminate an insurance policy; to make payments of deposits and/or premiums from the Trust Fund for insurance coverage and to do all other reasonable acts necessary in carrying out this responsibility;

(o)     Insurance Protection.  To procure, when appropriate, fiduciary liability insurance, all risk liability insurance, fidelity bonds and similar insurance for the protection of Trustee and the Trust Fund and in so procuring such insurance or other benefits to negotiate with insurance carriers and/or their representatives, to execute applications, contracts, trust agreements and all other necessary documents for the purchase of such insurance or other benefits, to modify or to terminate an insurance policy; to make payments of deposits and/or premiums from the Trust Fund for insurance coverage and to do all other reasonable acts necessary in carrying out this responsibility;

(p)     Advances to Trust.  To advance any Trustee's funds to the Trust, if permitted by law, for any Trust purpose, such advances with legal interest thereon to be a first lien on the principal and the gross income of the Trust Fund, and to be first repaid out of the gross income or principal of the Trust Fund;

(q)     Distributions.  On any division or partial or final distribution of the Trust Fund, to partition, allot and distribute the Trust Fund in undivided interests or in kind, or partly in money and partly in kind, at fair market values determined by Trustee, and, in Trustee's sole discretion, to sell such property as Plan Administrator may deem necessary to make division or distribution; and

(r)     Trustee Discretion.  All discretions in this Trust Agreement conferred on Trustee will, unless specifically limited, be absolute. The enumeration of certain powers and discretions of Trustee is not to be construed as limiting its general powers and discretions, Trustee being hereby vested with and having, as to the Trust Fund, and in the execution of this Trust Agreement (but subject at all times to any specific provisions and limitations contained in this Trust Agreement), all the powers and discretions that any absolute owner of property has or may have.

(s)     Hiring Agents.  Trustee will have the power to employ brokers, custodians, consultants, third party administrators, investment advisors, attorneys, accountants, managers, clerical and other assistants and agents, which, in Trustee's

discretion, Trustee believes necessary or desirable to assist Trustee in carrying out her responsibilities under this Agreement, and to pay reasonable compensation for all services performed and charge any expense to principal, income or partly to both, as Trustee, in her discretion, determines reasonable. Trustee will not be responsible for any omission or wrongdoing of any agent or employee except to the extent required by ERISA.

   (t)   Payroll Taxes.   Trustee will withhold and pay any and all applicable taxes, including but not limited to payroll taxes, that may be imposed on any distribution of benefits to Participants from the Trust Fund where Trustee has control of the payment of wages under Treasury Regulation Section 31.3401(d)-1 and related laws and regulations.

   5.3   Records To Be Maintained By Trustee.   Trustee will maintain full and complete records of her transactions for, and funds held for the account of, the Trust. Trustee's books and records relating to the Trust Fund will be open to inspection and audit at all reasonable times by Employer, Plan Administrator, any third party administrator with authority from Employer and their duly authorized representatives.

   5.4   Reports To Be Furnished By Trustee.   Employer will have the right on written request to receive from Trustee, within 90 days after the later of (a) the date of that request or (b) the end of a calendar year, a written statement of account setting forth all investments, transactions, receipts and disbursements effected by Trustee during the period. Such statement will contain an exact description of all property purchased and sold, the cost or proceeds of sale, and show the investments held on the last day of the indicated calendar year, including the cost of each item as carried on the books of Trustee, and the fair market value thereof, if applicable. Within that same 90-day period or within 90 days after the effective date of the removal or resignation of a Trustee, that Trustee will file with Plan Administrator a written account setting forth all transactions since the end of the period covered by any previous accounting. The report will include a listing of the Trust assets, showing carrying and market value of such assets at the close of the period covered by the account.

   5.5   Trust Expenses.   All expenses of administering the Trust and Plan, including Trustee's compensation for her services, will be paid from the Trust Fund unless paid by Employer. Service provider fees may be modified by written agreement between the parties. Trustee is authorized to determine and pay out of the Trust Fund all other expenses in connection with the administration of the Trust Fund, or for which the Trust or Trustee in discharge of her duties as Trustee

12

hereunder may become liable, unless paid by Employer. Trustee is additionally authorized to pay fees and expenses incurred in the ordinary and necessary operation of the Plan and Trust, including, but not be limited to, accounting, consulting, actuarial, auditing, tax return preparation, taxes, printing, and legal expenses. In the event Trustee is requested or required to provide or produce information or materials other than those described in Sections 5.3 and 5.4 herein, Trustee will be further authorized to pay the reasonable costs associated with providing and producing such information and materials, including but not limited to copying, printing, postage and professional time.

If the Trust or any part of it will become liable for the payment of any property, income or other charge, tax or assessment which Trustee will be required to pay, Trustee will be authorized to pay such item out of any monies or other property in its hands for the account of the persons whose interest hereunder is liable therefore, but at least 10 days prior to making any such payment, Trustee will give Plan Administrator written notice of its intention to do so. Prior to making any transfers or distributions from the Trust Fund, Trustee may require such release or other documents from any lawful taxing authority as it will deem necessary or advisable. Any amount hereunder due to Trustee, or for which Trustee may become liable as Trustee under this Trust Agreement, which has not been paid by Employer within a reasonable time will become a lien on the Trust Fund and said amount may be paid by Trustee from the Trust Fund as an expense thereof.

5.6    Term. Each Trustee will continue to serve as Trustee until her death, incapacity, resignation or removal as provided in this Trust.

5.7    Resignation or Removal.

(a)    Resignation. Trustee may resign by mailing to Plan Administrator and Employer, at its last known address, written notice of resignation, which will become effective on the expiration of 60 days following the date of mailing or on written acceptance of the resignation by Employer prior to that time.

(b)    Removal. Employer may remove Trustee on 60 days' prior written notice, by mailing to Trustee written notice of removal (which notice period may be waived by Trustee).

(c)    Accounting to Successor. On the appointment of a successor Trustee, the removed or resigning Trustee, as the case may be, will transfer and deliver the Trust Fund to the successor or continuing Trustee(s), after reserving a reasonable amount necessary to provide for her expenses in the settlement of the account, the amount of any compensation due to her, and any sums chargeable

13

against the Trust Fund for which she may be liable, but if the sums reserved are not sufficient for those purposes, the removed or resigning Trustee will be entitled to reimbursement on demand for any deficiency from the successor Trustee. Trustee will render a full and complete accounting of all assets and funds held by it within 90 days after the cessation of her services as Trustee. On acceptance of the Trust, the successor Trustee, without further assignment or transfer, will become vested with all the title, estate, rights and powers (including discretionary powers), and be subject to all the duties and obligations of Trustee originally appointed, and the resigned or removed Trustee will have no further responsibility to act hereunder except as to the rendering of a final accounting.

(d)  Successor Trustee. On the death, resignation or removal of a Trustee, Employer, by written direction, will immediately appoint a successor Trustee or Trustees, corporate or individual, with the same duties as those conferred on Trustee. On the failure or refusal of Employer to appoint a successor trustee within 60 days after notice of Trustee's resignation or removal, the removed or resigning Trustee may have a successor trustee appointed by a court of competent jurisdiction at the expense of Employer. If on any resignation or removal, there are no remaining Trustee(s), that resignation or removal will not take effect until a successor Trustee has been appointed. Any successor Trustee which delivers to Employer an instrument accepting an appointment, will on that delivery become vested with all the right, title and interest, and discretion and duties of the predecessor Trustee. The foregoing appointment of a successor Trustee will be at the discretion of the Employer if any one or more individual Trustees continue to serve under the terms of this Agreement.

(e)  Limit on Liability of Successor. No successor Trustee will be liable or responsible for anything done or omitted in the administration of the Trust to the date it will have become such successor Trustee, nor, except on Plan Administrator's written direction, will it be required to inquire into or take any action concerning the acts of any predecessor Trustee. If a Trustee resigns because she is unable or unwilling to comply with a written instruction or direction from the Committee, Trustee will have no liability to Employer or any person interested in this Trust for any failure to comply with those instructions or directions.

5.8  Interpleader In Case Of Disputes. Trustee, in the event that any dispute will arise as to the person or persons to whom payment or delivery of any funds, contracts or property will be made, may retain such funds, contracts or property without liability for interest, and may decline to make delivery until an agreement satisfactory to Trustee covering such dispute, or a final adjudication concerning it, will have been made. In such event, Trustee may file an appropriate action in interpleader, the costs of same to be borne by the parties thereto, and not

by Trustee. If, however, the costs described are not borne by the parties, then they will be costs of administering the Trust.

5.9     Court Proceeding. In any application to the courts, or proceeding or action in the courts, only Employer and Trustee will be necessary parties, and no Participant or other persons will be entitled to any notice or service of process. Any judgment after all appeals, if any, entered in such a proceeding or action will be conclusive on all persons claiming under this Trust.

5.10     Adequacy Of Trust Fund. Trustee will not be responsible for the adequacy of the Trust Fund to meet and discharge any or all payments and liabilities. All persons dealing with Trustee, except Plan Administrator, are released from the necessity of inquiring into the decision or authority of Trustee to act, and from responsibility for the application of any monies, securities or other property paid or delivered to Trustee.

## ARTICLE VI. AMENDMENT, TERMINATION AND DURATION OF TRUST

6.1     Amendment. Employer will have the right at any time and from time to time to modify or amend this Trust Agreement or the Plan in whole or in part without the consent of any Employee to the maximum extent provided by ERISA; provided, however, that no amendment will be made at any time under which the Trust Fund may be diverted to purposes other than for the exclusive benefit of Participants and their Beneficiaries; and provided further, no modification or amendment which affects the right, duties or responsibilities of Trustee may be made without Trustee's prior written consent. Such modifications or amendments will be made by a party authorized to act on behalf of Employer, which action will be written. Notwithstanding anything contained herein to the contrary, this Trust Agreement may be amended at any time by Plan Administrator, on reasonable prior written notice to Trustee and Employer, if deemed necessary to carry out its duties as Plan Administrator, conform to the requirements of ERISA or other applicable law or all of those.

6.2     Termination of Plan and Trust.

(a)     Notice of Termination. The Plan and Trust may be terminated on 60 days prior written notice to the other party, so long as the Plan and Trust terminate on the anniversary of the insurance contract/s covering the Plan benefits.

(b)   Effective Date of Termination.  The required 60 days' written notice begins no earlier than the date Trustee receives such written notice.

(c)   Employer Continuing Contribution Obligation.  Employer is required to continue to make all contributions, as defined in Section 2.1 of this Trust, for the 60-day notice of termination period described in Subsection (a) above.

(d)   Disposition of Assets.  After satisfaction of all outstanding liabilities of the Trust, including any escrow provisions for future anticipated expenses related to the termination, any remaining assets will be disposed of in one of the following manners by the Trustee in the discretion of and at the direction of the Employer:

(1)   By transfer to another Trust established to provide benefits similar to the benefits provided for hereunder for the same or similar class of Participants covered under this Trust;

(2)   By the provision of a benefit or benefits for Participants of the type provided for under this Trust;

(3)   By distribution to Participants, determined as of a specific date at or prior to the termination of the Plan of benefits provided hereunder, such distribution to be structured in a reasonable and non-discriminatory manner.

If Trustee does not receive written instructions from Employer within 90 days after Trustee's written request to Employer for instructions regarding the disposition of assets, Trustee will purchase term life insurance for all Participants who were Participants in the Plan during the 180-day period immediately prior to the Plan's termination.  The amount of death benefit and period of coverage will be determined by the amount of remaining Trust Funds and the number and ages of eligible Participants.  This terminal benefit purchase will be carried out in a reasonable manner.  No part of the Trust Fund will, as the result of such termination, be used for or diverted to purposes other than for the exclusive benefit of Participants and their Beneficiaries.

6.3   Partial Termination.  In the event that one group of Participants under the Trust will cease to be covered by the Plan for any reason, Employer may but in no event will be required to declare a partial termination with respect to the affected Participants.  On such declaration, Employer may, in its sole and exclusive discretion, direct Trustee to effect a disposition of a portion of the assets of the Trust Fund in accordance with the manner of disposition referred to in Section 6.2 (d) (1), (2) or (3) above.  Any such disposition will be determined based on actuarial and other factors, and in consideration of the interests of the remaining participants.

Trustee will not be required to make any representations regarding whether a successor contractor may or may not make a claim against the asset.

6.4    Trust Irrevocable.  The Trust hereby created will be irrevocable. However, nothing herein contained will prevent the termination of the Trust under Section 5.2 of this Trust Agreement.

# ARTICLE VII.    MISCELLANEOUS

7.1    Assignment.  Except as permitted under the Adoption Agreement, Plan or Third Party Administrator Agreement, no benefit which is payable out of the Trust Fund or for the benefit of any Participant or Beneficiary will be subject in any manner to anticipation, alienation, sale, transfer, assignment, garnishment, pledge, encumbrance, or charge.  Any attempt to anticipate, alienate, sell, transfer, assign, pledge, encumber, or charge any benefit will be void.  No benefit will in any manner be liable for or subject to the debts, contracts, liabilities, engagements, or torts of any Participant or Beneficiary nor will it be subject to attachment or legal process for or against that person, and will not be recognized by the Trustee except as required by law.

7.2    Use Of Trust Funds.  Except as provided for in this Trust Agreement, under no circumstances will any contributions by Employer to the Trust or any part of the Trust Fund be recoverable by an Employer from Trustee, or be used for or diverted to purposes other than for the exclusive purposes of defraying reasonable expenses of administering the Plan and the Trust Fund and of providing benefits to Participants and their Beneficiaries.  Except as permitted under the Code and ERISA, no part of the net earnings of the Trust Fund will inure to the benefit of the Employer, its directors, officers, shareholders or to a Trustee or to any individual.

7.3    Unenforceable Provisions.  If any provision of this Trust Agreement will be for any reason invalid or unenforceable, the remaining provisions will, nevertheless, be carried into effect.

7.4    Governing Law and Venue.  This Trust Agreement will be construed, administered and enforced according to ERISA and the laws of the State of California and in accordance with the purposes of this Trust.  Venue for any dispute under this Agreement will be San Mateo County, California.

7.5    Captions. The captions and headings for the Sections and Subsections in this Agreement are for convenience of reference only and are not to be considered in the construction or interpretation of this Agreement.

7.6    Counterparts. This Agreement may be executed in one or more counterparts, each of which will be deemed an original, but all of which together will constitute one and the same instrument. This Agreement will become effective on the execution of a counterpart hereof by each of the Parties hereto.

7.7    Mistake of Fact. Any mistake in any payment or in any direction, certificate, notice or other document furnished or issued by Employer or by Trustee in connection with the trust or Trust Fund may be corrected when the mistake becomes known, and Employer may direct any adjustment or action which it deems practicable under the circumstances to remedy the mistake. No contribution made to the Trust by Employer may be refunded to Employer unless a contribution was made; (a) because of a mistake of fact; (b) conditioned on a continued favorable Internal Revenue Service ruling and such favorable ruling is revoked or not obtained; or (c) conditioned on being allowed as a tax deduction and such deduction is disallowed.

7.8    Notices. Any notices or other communication to be given to a party under this Agreement will be addressed to Trustee at 3615 Capistrano Trail, Austin, TX 78739 or to Midwest Transport, Inc. at P.O. Box 8608, Robinson, Illinois 62454. Notice of any change of address must be given in accordance with this Section. Any notice will be treated as validly given on the date of (a) personal delivery or (b) mailing if that notice has been enclosed in a properly sealed envelope, registered or certified mail, return receipt requested and deposited (postage and registration or certification fee prepaid) in a post office of the United States Postal Service.

7.9    Attorney Fees. If a party to this Agreement brings any action for any relief against another party, declaratory or otherwise, arising out of this Agreement, the losing party will pay to the prevailing party a reasonable sum for attorney fees and costs incurred in bringing that action and enforcing any judgment. Those attorneys' fees and costs will be deemed to have accrued on the commencement of that action and will be paid whether or not that action is prosecuted to judgment. Any judgment or order entered in that action will contain a specific provision providing for the recovery of attorney fees and costs incurred in enforcing any judgment. For the purposes of this Section, attorneys' fees will include, without limitation, fees incurred in the following: (1) post-judgment motions; (2) contempt proceedings; (3) garnishment, levy and debtor and third party examinations; (4) discovery; and (5) bankruptcy litigation.

18

7.10   <u>Waiver</u>.  No term or condition or the breach of any term or condition of this Agreement will be deemed waived, except by written consent of the party against whom the waiver is claimed, and any waiver or the breach of any term or condition will not be deemed to be a waiver of any preceding or succeeding breach of the same or any other term or condition.  Acceptance by Plan Administrator of any performance by Employer after the time the same has become due will not constitute a waiver by Plan Administrator of the breach or default of any other term or condition unless otherwise expressly agreed to by Plan Administrator in writing.

7.11   <u>Entire Agreement</u>.  This Agreement and the Plan contain the entire agreement among the parties and supersede all prior and contemporaneous oral and written agreements, understandings and representations among the parties.

IN WITNESS OF THIS AGREEMENT, and adoption of **Midwest Transport, Inc.** Health and Welfare Plan, the parties have signed this Agreement below:

EMPLOYER:                                    **MIDWEST TRANSPORT, INC.**

By: _____
                                             Ken Hohlbaugh
                                             Title: President

TRUSTEE:                                     By: _____
                                             Marilyn A. Ward, Esq., Trustee

By: _____
                                             Vivian C. Lewis, Esq., Trustee

19