ROBERT D. EASSA, Cal. Bar No. 107970
reassa@filicebrown.com
PAUL R. JOHNSON, Cal. Bar No. 115817
pjohnson@filicebrown.com
FILICE BROWN EASSA & McLEOD LLP
1999 Harrison Street, 18th Floor
Oakland, CA 94612
Tel: (510) 444-3131
Fax: (510) 839-7940

Attorneys for Defendant
FCE BENEFIT ADMINISTRATORS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MIDWEST TRANSPORT, INC.<br><br>Plaintiff,<br><br>v.<br><br>FCE BENEFIT ADMINISTRATORS, INC.,<br><br>Defendants. | Case No. C 07-04408 JCS<br><br>ANSWER OF DEFENDANT FCE BENEFIT ADMINISTRATORS, INC. TO COMPLAINT AND COUNTERCLAIM FOR INDEMNITY, BREACH OF CONTRACT, AND DEFAMATION |

Defendant FCE Benefit Administrators, Inc. (hereinafter referred to as FCE), in answer to plaintiff's complaint respectfully files its original answer and counterclaim to plaintiff's complaint, and would show the Court as follows:

## I. ORIGINAL ANSWER

1. In response to paragraph 1 of the complaint, FCE is without sufficient knowledge or information upon which to admit or deny, and on that basis it denies the allegations of the paragraph.

2. In response to paragraph 2 of the complaint, FCE admits that its business is the design, implementation and administration of fringe benefit plans based upon the selection, authorization and approval of the employer. FCE also admits that it is a corporation with its company

-1-

ANSWER OF DEFENDANT FCE BENEFIT ADMINISTRATORS, INC. AND COUNTERCLAIM FOR INDEMNITY, BREACH OF CONTRACT AND DEFAMATION - C-07-04408 JCS

02020 33833 SKARELS 571992.1

headquarters are in Burlingame, California. FCE denies the remainder of the allegations in this paragraph.

3. In response to paragraph 3 of the complaint, FCE concurs that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. FCE denies that plaintiff is entitled to any relief from FCE.

4. In response to paragraph 4 of the complaint, FCE concurs that venue is proper in the Northern District of California.

5. In response to paragraph 5 of the complaint, FCE admits that the quoted clause is contained within the Third Party Administration Agreement (hereinafter TPA Agreement) between FCE and Midwest Transport, Inc. (hereinafter referred to as Midwest).

6. In response to paragraph 6 of the complaint, FCE admits that the attached TPA Agreement is a true and accurate copy.

7. In response to paragraph 7 of the complaint, FCE concurs that assignment to the San Francisco Division is appropriate.

8. In response to paragraph 8 of the complaint, FCE is without sufficient information and knowledge to admit or deny the allegations in this paragraph, and on that basis, denies all such allegations.

9. In response to paragraph 9 of the complaint, FCE is without sufficient information and knowledge to admit or deny the allegations in this paragraph, and on that basis, denies all such allegations.

10. In response to paragraph 10 of the complaint, FCE is without sufficient information and knowledge to admit or deny the allegations in this paragraph, and on that basis, denies all such allegations.

11. In response to paragraph 11 of the complaint, FCE admits that it made proposals to Midwest to offer services as its Third Party Administrator. FCE denies the remainder of the allegations in this paragraph.

12. In response to paragraph 12 of the complaint, FCE is without sufficient information and knowledge to admit or deny the allegations in this paragraph as the copy attached is not

-2-

legible, and on that basis, denies all such allegations.

13. In response to paragraph 13 of the complaint, FCE is without sufficient information and knowledge to admit or deny the allegations in this paragraph as the document attached is not legible, and on that basis, denies all such allegations.

14. In response to paragraph 14 of the complaint, FCE denies the allegations in this paragraph.

15. In response to paragraph 15 of the complaint, FCE admits that it entered into a TPA Agreement with Midwest to implement and administer its medical benefit plan. FCE denies that it would "design" a plan for medical benefits without approval and authorization of Midwest. FCE is without sufficient information and knowledge to admit or deny the allegations in this paragraph with respect to the reason for Midwest's selection of FCE, and on that basis, denies the remaining allegations.

16. In response to paragraph 16 of the complaint, FCE admits that it entered into a Third Party Administrator Agreement with Midwest, an Adoption Agreement for the Health & Welfare Plan of Midwest Transport, Inc. (hereinafter Adoption Agreement), and a Trust Agreement for the Health & Welfare Plan of Midwest Transport, Inc. (hereinafter Trust Agreement).

17. In response to paragraph 17 of the complaint, FCE admits that Exhibit C is a true and correct copy of the Adoption Agreement.

18. In response to paragraph 18 of the complaint, FCE admits that Exhibit D is a true and correct copy of the Trust Agreement, except to the extent the faxing or photocopying of the document resulted in portions of the left side being cut off.

19. In response to paragraph 19 of the complaint, FCE admits the allegations in this paragraph.

20. In response to paragraph 20 of the complaint, FCE notes that this paragraph constitutes a legal contention which requires no response. To the extent a response to the contention is necessary, it is denied.

21. In response to paragraph 21 of the complaint, FCE admits that pursuant to the TPA Agreement, it would provide for the processing and payment of benefit claims except for benefits

-3-

FBE&M
LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131

02020 33833 SKARELS 571992.1
ANSWER OF DEFENDANT FCE BENEFIT ADMINISTRATORS, INC. AND COUNTERCLAIM FOR
INDEMNITY, BREACH OF CONTRACT AND DEFAMATION - C-07-04408 JCS

provided to Employees through an insurance policy, out of the contributions made to the Employer's Health and Welfare Plan. FCE denies that it was personally responsible from its own funds for the payment of benefit claims.

22. In response to paragraph 22 of the complaint, FCE admits that pursuant to the TPA Agreement, one of the services that FCE would provide to Midwest included "monitoring, identifying, preparing, filing, and recovering stop loss obligations." FCE denies the remainder of the allegations as characterized and worded.

23. In response to paragraph 23 of the complaint, FCE admits that pursuant to the TPA Agreement, one of the services that FCE would provide to Midwest included "establishing and maintaining insurance and reinsurance coverage for plans." FCE denies the remainder of the allegations as characterized and worded.

24. In response to paragraph 24 of the complaint, FCE admits that Midwest implemented a "funding policy." FCE denies that Midwest paid money into the fund in accordance with the provisions of the Trust Agreement for The Health & Welfare Plan of Midwest Transport, Inc.

25. In response to paragraph 25 of the complaint, FCE denies the allegations in this paragraph.

26. In response to paragraph 26 of the complaint, FCE admits that it facilitated Midwest in obtaining stop loss coverage. At this time, FCE is without sufficient knowledge or information upon which to admit or deny that the referenced coverage was from Zurich American Insurance Company for the referenced time period, and on that basis, denies the allegation. FCE denies the remainder of the allegations in this paragraph.

27. In response to paragraph 27 of the complaint, at this time, FCE is without sufficient knowledge or information to admit or deny that Exhibit E is a true and correct copy of the policy, and on that basis, denies the allegations in this paragraph.

28. In response to paragraph 28 of the complaint, FCE admits that it facilitated Midwest in obtaining stop loss coverage. At this time, FCE is without sufficient knowledge or information upon which to admit or deny that the referenced coverage was from Gerber Life Insurance

FBE&M
LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131

-4-

02020 33833 SKARELS 571992.1
ANSWER OF DEFENDANT FCE BENEFIT ADMINISTRATORS, INC. AND COUNTERCLAIM FOR INDEMNITY, BREACH OF CONTRACT AND DEFAMATION - C-07-04408 JCS

Company for the period in question, and on that basis, denies the allegation. FCE denies the remainder of the allegations in this paragraph.

29. In response to paragraph 29 of the complaint, at this time, FCE is without sufficient knowledge or information to admit or deny that Exhibit F is a true and correct copy of the policy, and on that basis, denies the allegations in this paragraph.

30. In response to paragraph 30 of the complaint, FCE denies the allegations in this paragraph.

31. In response to paragraph 31 of the complaint, FCE denies the allegations in this paragraph.

32. In response to paragraph 32 of the complaint, FCE is without sufficient information and knowledge to admit or deny the allegation in this paragraph as to the amount of alleged unreimbursed claims, and on that basis, denies all such allegations. Further, FCE denies that any unreimbursed claims were due to the fault of FCE.

33. In response to paragraph 33 of the complaint, FCE is without sufficient information and knowledge to admit or deny the allegation in this paragraph as to the amount, if any, of the alleged unreimbursed claims, which exceed Midwest's fringe benefit contributions, and on that basis, denies all such allegations. Further, FCE denies that any unreimbursed claims were due to the fault of FCE.

34. In response to paragraph 34 of the complaint, FCE denies the allegations in this paragraph.

35. In response to paragraph 35 of the complaint, FCE admits that the quoted language is contained within Article VII of the TPA Agreement.

36. In response to paragraph 36 of the complaint, FCE denies the allegations in this paragraph.

37. In response to paragraph 37 of the complaint, FCE admits that the termination of the Health & Welfare Plan of Midwest Transport, Inc. did not occur on the anniversary of the insurance contract covering the plan benefits. FCE denies the remainder of the allegations in this paragraph.

FBE&M
LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131

02020 33833 SKARELS 571992.1
ANSWER OF DEFENDANT FCE BENEFIT ADMINISTRATORS, INC. AND COUNTERCLAIM FOR INDEMNITY, BREACH OF CONTRACT AND DEFAMATION - C-07-04408 JCS

1   38. In response to paragraph 38 of the complaint, FCE denies the allegations of this
2   paragraph.
3   39. In response to paragraph 39 of the complaint, FCE denies the allegations of this
4   paragraph, including all subparts.
5   40. In response to paragraph 40 of the complaint, FCE incorporates its denials,
6   admissions, and/or inability to admit or deny as set forth in the preceding corresponding
7   paragraphs.
8   41. In response to paragraph 41 of the complaint, FCE notes that this statement constitutes
9   a legal contention which requires no response. To the extent a response to the contention is
10  necessary, it is denied.
11  42. In response to paragraph 42 of the complaint, FCE denies the allegations contained in
12  this paragraph.
13  43. In response to paragraph 43 of the complaint, FCE denies the allegations contained in
14  this paragraph.
15  44. In response to paragraph 44 of the complaint, FCE denies the allegations contained in
16  this paragraph.
17  45. In response to paragraph 45 of the complaint, FCE incorporates its denials,
18  admissions, and/or inability to admit or deny as set forth in the preceding corresponding
19  paragraphs.
20  46. In response to paragraph 46 of the complaint, FCE notes that this statement constitutes
21  a legal contention which requires no response. To the extent a response to the contention is
22  necessary, it is denied.
23  47. In response to paragraph 47 of the complaint, FCE denies the allegations contained in
24  this paragraph.
25  48. In response to paragraph 48 of the complaint, FCE denies the allegations contained in
26  this paragraph.

FBE&M
LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131

-6-

02020 33833 SKARELS 571992.1
ANSWER OF DEFENDANT FCE BENEFIT ADMINISTRATORS, INC. AND COUNTERCLAIM FOR
INDEMNITY, BREACH OF CONTRACT AND DEFAMATION - C-07-04408 JCS

49. In response to paragraph 49 of the complaint, FCE incorporates its denials, admissions, and/or inability to admit or deny as set forth in the preceding corresponding paragraphs.

50. In response to paragraph 50 of the complaint, FCE denies the allegations contained in this paragraph.

51. In response to paragraph 51 of the complaint, FCE denies the allegations contained in this paragraph.

52. In response to paragraph 52 of the complaint, FCE denies the allegations contained in this paragraph.

53. In response to paragraph 53 of the complaint, FCE denies the allegations contained in this paragraph.

54. In response to paragraph 54 of the complaint, FCE denies the allegations contained in this paragraph.

55. In response to paragraph 55 of the complaint, FCE denies the allegations contained in this paragraph.

56. In response to the Prayer for Relief, FCE denies that Midwest is entitled to any relief in this matter.

## FURTHER AND AFFIRMATIVE DEFENSES

57. This action is preempted by the Employee Retirement and Income Security Act (ERISA), 29 U.S.C. § 1001 et seq.

58. The alleged damages, if any, are completely or in part the result of Midwest's failure to mitigate as required by law, and recovery by Midwest is, therefore, barred and/or limited.

59. The acts, conduct, or omissions of Midwest, and/or its agents or employees, or others caused any damages alleged in the complaint (which damages are denied), and FCE has no liability to Midwest, or, if FCE were to be held liable (which FCE denies), then such liability must be limited based on proportionate fault.

FBE&M
LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131

02020 33833 SKARELS 571992.1
ANSWER OF DEFENDANT FCE BENEFIT ADMINISTRATORS, INC. AND COUNTERCLAIM FOR INDEMNITY, BREACH OF CONTRACT AND DEFAMATION - C-07-04408 JCS

60. The damages, if any, alleged by Midwest (which damages are denied) were caused solely or in part by the comparative negligence of Midwest and each of the claims is barred wholly or in part by reason of such comparative negligence.

61. The damages, if any, alleged by Midwest (which damages are denied) were caused solely or in part by Midwest's failure to exercise its duty, authority and responsibility under the TPA Agreement to decrease and/or delete Plan benefits based upon recommendations made by FCE.

62. The damages, if any, alleged by Midwest (which damages are denied) were cause solely or in part by Midwest's failure to comply with its duties under the TPA Agreement.

63. The damages, if any, alleged by Midwest (which damages are denied) were proximately caused by an unforeseeable, independent, intervening and/or superseding event beyond the control, and unrelated to any conduct of FCE. FCE's actions, if any, were superseded by the negligence and wrongful conduct of others.

64. Midwest's action is barred and/or FCE's conduct is excused on the basis that Midwest fraudulently or negligently made material misrepresentations. Such fraudulent or negligent material misrepresentations include, but are not limited to, the number of employees who would enroll in the Health & Welfare Plan of Midwest Transport, Inc.; the amount of contributions that would be made to the plan; and the status of certain employees who were enrolled in the Plan.

65. FCE further pleads that full or partial performance under the contract was impossible given the conduct of Midwest.

66. FCE further pleads that Midwest prevented FCE's performance under the TPA Agreement by failing to adhere to its own obligations and duties under the Agreement.

67. Additional affirmative defenses may be available to FCE, and FCE reserves the right to amend its answer to allege such additional affirmative defenses once they have been fully ascertained and can be pleaded.

**PRAYER**

WHEREFORE, defendant FCE Benefit Administrators, Inc, prays for judgment against Midwest as follows:

-8-

ANSWER OF DEFENDANT FCE BENEFIT ADMINISTRATORS, INC. AND COUNTERCLAIM FOR INDEMNITY, BREACH OF CONTRACT AND DEFAMATION - C-07-04408 JCS

02020 33833 SKARELS 571992.1

1. That Midwest take nothing and have no relief, whether by reason of the complaint herein or otherwise;

2. That FCE Benefit Administrators, Inc. be awarded its costs incurred in this lawsuit;

3. That, if FCE is found liable, the degree of responsibility and liability for the resulting damages be determined, and that FCE be liable only for the portion of total damages in proportion to its total responsibility for same; and

4. For such other and further relief as the Court deems proper.

## II. COUNTERCLAIM

### A. Indemnity

1. Article V of the TPA Agreement provides as follows:

(d) <u>Indemnity by Employer</u>: Employer hereby agrees to indemnify, hold harmless and assume the defense of FCE, its directors, shareholders, officers, employees, agents and attorneys ("FCE Parties") from or against any claim, liability, loss, damage, fine, penalties and costs, including reasonable attorney's fees, ("Claims") which any FCE party may incur to the extent that Claim arises from (a) any failure of Employer to comply with any covenant or obligation of Employer under this Agreement, the Plan or Trust or (b) any misrepresentation or breach of warranty by Employer under this Agreement, the Plan or Trust….

2. Midwest (Employer) failed to comply with various covenants and obligations under the TPA Agreement, Health & Welfare Plan and Trust Agreement.

3. Midwest is making a claim against FCE related to and directly arising out of these failures to comply.

4. Pursuant to Article V, section (d) of the TPA Agreement, Midwest must indemnify FCE, including the payment of its attorneys' fees and any other damages arising therefrom.

5. In the event that FCE prevails in this matter, it is entitled to all of its attorneys' fees.

### B. Breach of Contract

6. At all times material hereto, FCE performed all of its contractual duties owed to Midwest pursuant to the TPA Agreement.

7. Midwest, on several occasions, failed to comply with various covenants and obligations under the TPA Agreement, Health & Welfare Plan and Trust Agreement.

FBE&M
LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131

-9-

02020 33833 SKARELS 571992.1
ANSWER OF DEFENDANT FCE BENEFIT ADMINISTRATORS, INC. AND COUNTERCLAIM FOR INDEMNITY, BREACH OF CONTRACT AND DEFAMATION - C-07-04408 JCS

8. Midwest misrepresented the number of employees who would participate in the Health & Welfare Plan of Midwest Transport, Inc.; the amount of contributions that would be made to the Plan, and the status of certain employees being enrolled in the Plan.

9. Midwest failed to exercise its duty, authority and responsibility to decrease or delete benefits based upon recommendations of FCE.

10. Such failures to comply constitute a breach of contract which has caused FCE damages.

### C. Defamation

11. Midwest in at least one written, unprivileged publication to its employees has characterized FCE as providing "health insurance."

12. Midwest in at least one written, unprivileged publications to its employees has stated that FCE "cancelled our insurance."

13. Midwest in at least one written, unprivileged publication to its employees has stated that FCE failed to do what it promised.

14. Midwest has also, through written publications to its employees, impugned FCE by claiming that FCE is the cause of Midwest's failure to provide and pay for medical and health care benefits which it voluntarily agreed to provide to its employees.

15. The foregoing statements were false and were of the nature to impugn and injure FCE's business and reputation.

16. Further, the written publications were such that they have resulted in special damages, including but not limited to, FCE being required to respond to unwarranted complaints and inquiries by employees who mistakenly believed that FCE was required to pay, out of its own funds, coverage for health care expenses and that FCE had wrongfully "cancelled" their health insurance.

### PRAYER

**WHEREFORE**, FCE demands judgment on its counterclaims against Midwest Transport, Inc. for damages, attorneys' fees, interest, costs, and for such other and further relief as the Court deems proper.

DATED: September 27, 2007                FILICE BROWN EASSA & McLEOD LLP

By: _____
ROBERT D. EASSA
PAUL R. JOHNSON
Attorneys for Defendant
FCE BENEFIT ADMINISTRATORS, INC.

FBE&M
LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131

-11-

02020 33833 SKARELS 571992.1

ANSWER OF DEFENDANT FCE BENEFIT ADMINISTRATORS, INC. AND COUNTERCLAIM FOR INDEMNITY, BREACH OF CONTRACT AND DEFAMATION - C-07-04408 JCS