1   DAVID P. STOEBERL (Mo. Bar No. 46024) (Appearing *Pro Hac Vice*)
    dps@carmodymacdonald.com
2   JULIE L. WATERS (Mo. Bar No. 55314) (Appearing *Pro Hac Vice*)
    juw@carmodymacdonald.com
3   CARMODY MACDONALD P.C.
    120 South Central Avenue, Suite 1800
4   St. Louis, MO  63105
    Tel:  314-854-8600
5   Fax: 314-854-8660

6   CARTER W. OTT (State Bar No. 221660)
    carter.ott@dlapiper.com
7   DLA PIPER US LLP
    153 Townsend Street, Suite 800
8   San Francisco, California 94107
    Telephone:  415-836-2500
9   Facsimile:  415-836-2501

10  Attorneys for Plaintiff
    MIDWEST TRANSPORT, INC.

11

12              UNITED STATES DISTRICT COURT

13             NORTHERN DISTRICT OF CALIFORNIA

14               SAN FRANCISCO DIVISION

15

16  MIDWEST TRANSPORT, INC., a          CASE NO.  C 07-4408 (CW)
    Delaware Corporation,

17           Plaintiff,                  **MIDWEST TRANSPORT, INC.'S**
                                         **MEMORANDUM IN SUPPORT OF ITS**
18       v.                              **MOTION TO DISMISS FCE BENEFIT**
                                         **ADMINISTRATOR, INC.'S**
19  FCE BENEFIT ADMINISTRATORS,          **COUNTERCLAIM FOR INDEMNITY**
    INC., a California Corporation,
20                                       **DEMAND FOR JURY TRIAL**
    and
21                                       Date:       December 6, 2007
    CALIFIA DEVELOPMENT CORP., d/b/a     Time:       2:00 p.m.
22  CDC Insurance Services, a California  Judge:      The Honorable Claudia Wilken
    Corporation.                         Courtroom:  2

23

24

25

26

27

28
                              -1-

## NOTICE OF MOTION AND MOTION

Plaintiff Midwest Transport, Inc. ("Midwest"), by and through its counsel, submits this Motion to Dismiss FCE Benefit Administrators, Inc.'s Counterclaim for Indemnity, for hearing on December 6, 2007, at 2:00 p.m.  In support of this Motion, Midwest states as follows:

1.      Midwest filed this lawsuit alleging that FCE Benefit Administrators, Inc. ("FCE") failed to properly administer Midwest's medical benefits program.  In its failure, FCE breached its TPA Agreement with Midwest, acted negligently and made negligent misrepresentations to Midwest.

2.      FCE has answered Midwest's Complaint, and brings three counterclaims.  The first counterclaim alleges that under an indemnity provision, "Midwest must indemnify FCE." Counterclaim, ¶ 4.  In support of this indemnity claim, FCE cites to Article V of the TPA Agreement.

3.      Even examining FCE's claim for indemnity in the light most favorable to FCE, the indemnity provision of the TPA Agreement does not apply to claims by Midwest against FCE. *Vinnell Co. v. Pacific Electric Railway, Co.* 349 P.2d 604, 607 (Cal. 1959) ("courts have consistently adopted the position that indemnification clauses are to be strictly construed against the indemnitee in cases involving affirmative acts of negligence on his part."); *see also Rooz v. Kimmel*, 55 Cal. App.4th 573, 583 (Cal. Ct. App. 1997).

4.      FCE's claim for indemnity should therefore be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

WHEREFORE, Plaintiff Midwest Transport, Inc. respectfully requests that this Court dismiss FCE Benefit Administrator, Inc.'s claim for indemnity with prejudice, and that it grant such other relief as the Court deems just and proper.

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Midwest Transport, Inc. ("Midwest") submits this Memorandum in support of its Motion to Dismiss FCE Benefit Administrator, Inc.'s Counterclaim for Indemnity.

### Introduction

Midwest is a federal government contractor which delivers mail throughout the U.S. for the Unites States Postal Service.  This case arises out of a medical benefits plan for Midwest's employees which Defendant FCE Benefit Administrators, Inc. ("FCE Benefit") was to design, implement and administer pursuant to certain agreements between the parties.  FCE Benefit promised to design and implement the program in such a way that Midwest would never have to pay more than the dollar amount of certain fringe benefits it was required to pay its employees as a government contractor.  FCE Benefit, however, failed to do so rendering the benefits plan unable to cover approximately $700,000 in medical claims from Midwest's employees.  After the problem surfaced, FCE Benefit precipitously and unilaterally terminated its relationship with Midwest in violation of the parties' contracts and this lawsuit ensued.

In an attempt to detract from its own liability, FCE Benefit brings three counterclaims against Midwest for contractual indemnity, breach of contract, and defamation.  For the indemnity claim, FCE Benefit seeks a judgment that Midwest is obligated to reimburse FCE Benefit for FCE Benefit's own negligence and contractual breaches as alleged in this case.  The claim for contractual indemnity should be dismissed because the parties' contract does not provide for such indemnity.

### Standard of Review

A motion to dismiss for failure to state a claim permits dismissal of a claim either where that claim lacks a cognizable legal theory, or where insufficient facts are alleged to support the claim's theory. Fed. R. Civ. P. 12(b)(6); *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).  While a claim does not need detailed factual allegations to survive a motion to dismiss, a party's obligation to provide the grounds of entitlement to relief requires "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action". *Bell Atlantic Corp. v. Twombly*, --- U.S. ---, 127 S. Ct. 1955, 1964-65 (2007).  Rather, to survive a

motion to dismiss, factual allegations must be sufficient when taken as true to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true, even if doubtful in fact. *Id.* at 1965.

## **Argument**

In its indemnity claim, FCE Benefit pleads that Midwest must indemnify it for the claims Midwest has brought against it in this lawsuit.  (Counterclaim, ¶¶ 2-4.)

FCE Benefit's indemnity claim fails because the contract does not provide for indemnity for Midwest's claims.  The contractual indemnity provision FCE Benefit relies upon appears in Article V of the TPA Agreement and is partially quoted in the Counterclaim and part of the pleadings by operation of Exhibit A to the Complaint and FCE Benefit's Answer (*see* Compl., ¶ 6 & Ans. ¶ 6.).  It states:

"(d) Indemnity by Employer: Employer hereby agrees to indemnify, hold harmless and assume the defense of FCE, its directors, shareholders, officers, employees, agents and attorneys ("FCE Parties") from or against any claim, liability, loss, damage, fine, penalties and costs, including reasonable attorney's fees, ("Claims") which any FCE Party may incur to the extent that Claim arises from (a) any failure of Employer to comply with any covenant or obligation of Employer under this Agreement, the Plan or Trust or (b) any misrepresentation or breach of warranty by Employer under this Agreement, the Plan or Trust.  If Employer fails to do so, FCE may compromise and settle or defend against any Claim, and Employer will be obligated to indemnity and hold harmless TPA for all costs of defense, compromise and settlement, including any judgments incurred by or rendered against TPA, which arise out of the Claim.  The provisions of this Section will survive the termination of this Agreement and the Plan."
(Compl., Ex. A, p. 7.)

By its clear, plain and unambiguous terms, the indemnity clause applies strictly to claims brought by third parties against FCE Benefit.  It neither applies to claims brought by Midwest against FCE Benefit for FCE Benefit's own conduct nor has FCE Benefit alleged that it is seeking indemnity for any losses or claims advanced by third parties.  A contrary reading of the contract

1    would run afoul of the plain language of the agreement and the case law on this point.

2          "Under California law, the interpretation of a contract is a question of law which the court

3    reviews *de novo*." *In re Bennett*, 298 F.3d 1059, 1064 (9th Cir. 2002). (emphasis added).

4    General rules of contract construction hold that the first task in interpreting a contract is to

5    examine the contract language to determine the plain meaning of the contract. *Waller v. Truck*

6    *Ins. Exchange, Inc.*, 900 P.2d 619, 627 (Cal. 1995). Likewise, indemnity agreements are

7    interpreted "to give effect to the mutual intention of the parties as it existed at the time of

8    contracting…" *Charles D. Warner & Sons, Inc. v. Seilon, Inc.*, 37 Cal.App.3d 612, 619 (Cal. Ct.

9    App. 1974). "[C]ourts have consistently adopted the position that indemnification clauses are to

10   be strictly construed against the indemnitee in cases involving affirmative acts of negligence on

11   his part." *Vinnell Co. v. Pacific Electric Railway Co.*, 340 P.2d 604, 607 (Cal. 1959).

12         Indemnity agreements can be drafted to relieve the indemnitee from its own negligence,

13   but "such an agreement must be clear and explicit and is strictly construed against the

14   indemnitee." *Rooz v. Kimmel*, 55 Cal.App.4th 573, 583 (Cal. Ct. App. 1997). "[T]o be sufficient

15   as an exculpatory provision against one's own negligence, the party seeking to rely thereon must

16   select words or terms clearly and explicitly expressing that this was the intent of the parties."

17   *Sproul v. Cuddy*, 131 Cal.App.2d 85, 95 (Cal. Ct. App. 1955).

18         Here, FCE Benefit's indemnity action seeks recovery solely for Midwest's contract and

19   negligence claims in this action. (Counterclaim, ¶ 3.) But the indemnity clause, on its face,

20   covers only the claims of third parties. For instance, it refers to Midwest's right to assume the

21   defense of FCE Benefit. It also requires Midwest to pay, in certain circumstances, settlements

22   and judgments rendered against FCE Benefit. To construe the contractual language to require

23   Midwest to indemnify FCE Benefit for Midwest's claims would require this Court to ignore the

24   plain language of the agreement and force upon the clause a contrary meaning that is not

25   expressed. As the cited case law holds, this Court may not imply such a meaning and may only

26   construe an indemnity clause to cover the indemnitee's own wrongdoing where the contract

27   explicitly so states. *See Vinnell*, 340 P. 2d at 414-15 (construing a similar indemnity clause and

28   holding that it would not cover claims based upon the alleged negligence of the indemnitee). No

-5-

such language exists in the agreement here. In addition, FCE Benefit admits that it drafted, and even copyrighted, the TPA Agreement. (Ans., ¶ 19). If it wanted to release itself from the types of claims Midwest brings here, it could have so provided in the TPA Agreement, but chose not to.

FCE Benefit does not allege that it is seeking recovery for any loss or claim made against it by a third party arising from Midwest's conduct and thus the indemnity clause is not triggered. (*Id.* ¶¶ 1-5.) Although FCE Benefit attempts to improperly re-cast Midwest's claims as arising from Midwest's own negligence and breaches, such allegations neither reflect the allegations pled by Midwest in its Complaint nor overcome the fact that the claims are not being made by a third party against FCE Benefit.

As pled, the indemnity clause of the TPA Agreement is simply not invoked and FCE Benefit cannot state a claim for indemnity under California law.

### Conclusion

FCE's counterclaim for indemnity fails to state a cause of action for which relief may be granted. Therefore such claims should be dismissed.

Dated: October 22, 2007

CARMODY MACDONALD P.C.

By: _____
DAVID P. STOEBERL
Attorneys for Plaintiff
Midwest Transport, Inc.

MOT. TO DISMISS FCE BENEFIT ADMIN., INC.'S COUNTERCLAIM FOR INDEMNITY
CASE NO. C 07-4408 (CW)