DAVID P. STOEBERL (Mo. Bar No. 46024) (Appearing *Pro Hac Vice*)
dps@carmodymacdonald.com
JULIE L. WATERS (Mo. Bar No. 55314) (Appearing *Pro Hac Vice*)
juw@carmodymacdonald.com
CARMODY MACDONALD P.C.
120 South Central Avenue, Suite 1800
St. Louis, MO 63105
Tel: 314-854-8600
Fax: 314-854-8660

CARTER W. OTT (State Bar No. 221660)
carter.ott@dlapiper.com
DLA PIPER US LLP
153 Townsend Street, Suite 800
San Francisco, California 94107
Telephone: 415-836-2500
Facsimile: 415-836-2501

Attorneys for Plaintiff and Counter-defendant
MIDWEST TRANSPORT, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MIDWEST TRANSPORT, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>FCE BENEFIT ADMINISTRATORS, INC., a California Corporation,<br><br>Defendant. | CASE NO. C 07-4408 (CW)<br><br>**MIDWEST TRANSPORT, INC.'S REPLY TO FCE BENEFIT ADMINISTRATORS, INC.'S OPPOSITION TO MIDWEST TRANSPORT, INC.'S MOTION TO DISMISS FCE BENEFIT ADMINISTRATORS, INC.'S COUNTERCLAIM FOR INDEMNITY**<br><br>Date: December 6, 2007<br>Time: 2:00 p.m.<br>Judge: The Honorable Claudia Wilken<br>Courtroom: 2 |
| FCE BENEFIT ADMINISTRATORS, INC., a California Corporation,<br><br>Counter-claimant,<br><br>v.<br><br>MIDWEST TRANSPORT, INC., a Delaware Corporation,<br><br>Counter-defendant. | |

-1-

1     These parties' contract, the TPA Agreement, contains a garden-variety indemnity clause. Like many, it provides that Midwest, the indemnitor, must indemnify FCE Benefit, the indemnitee, for claims *by others* against FCE Benefit which arise out of Midwest's wrongful conduct. It expressly confers on Midwest the right to assume the defense of such claims, and, if it does not, requires Midwest to pay any settlements or judgments against FCE Benefit. Such clauses are commonplace in commercial contracts. Such clauses do not, however, release the indemnitee for its own wrongful acts unless explicitly provided in the parties' agreement. *See*, *e.g.*, *Rooz v. Kimmel*, 55 Cal.App.4th 573, 583 (Cal. Ct. App. 1997). The clause at issue here contains no such language. To the contrary, it explicitly limits its scope to the indemnitor's wrongful conduct as a basis for indemnity. Midwest moved to dismiss FCE Benefit's indemnity counterclaim because the only claims for which FCE Benefit seeks indemnity are those made by Midwest in its Complaint and which arise out of FCE Benefit's negligence and contractual breaches, not Midwest's.

In its opposition, FCE Benefit does not address, much less distinguish, the several California decisions which hold that indemnification clauses employing strikingly similar language do not encompass claims of wrongful conduct by the indemnitee, as exist here. Instead, FCE Benefit contends that Midwest, not FCE Benefit, is guilty of the wrongful conduct which led to Midwest's Complaint. FCE Benefit argues, therefore, that it has stated a claim and the motion to dismiss should be denied.

FCE Benefit's reasoning is wrong for several reasons.

First, the language of the indemnity clause is clear that to be triggered there must be a claim against FCE Benefit which "arises from (a) any failure of [Midwest] to comply with any covenant or obligation of [Midwest] under [the TPA Agreement], the Plan or Trust or (b) any misrepresentation or breach of warranty by [Midwest] under [the TPA Agreement], the Plan or Trust." (*See* Compl., ¶ 6 & Ans. ¶ 6.) Despite its attempts to do so, FCE Benefit simply cannot make a straight-faced argument that Midwest's Complaint arises out of Midwest's wrongful conduct. To hold otherwise would ignore the allegations of Midwest's pleading. Midwest's Complaint (as well as its pending Amended Complaint) state causes of action sounding in

-2-

negligence and breach of contract against FCE Benefit. Nowhere in its allegations does Midwest assert or even imply that some wrongful conduct by it led to the damages it seeks. To the contrary, Midwest's pleading makes abundantly clear that it was FCE Benefit's conduct which led to the damages at issue. That FCE Benefit defends these claims by arguing that Midwest, not FCE Benefit, caused Midwest's damages does not alter the essential nature of the claims being made here. The indemnity claim is not triggered by FCE Benefit's defenses and FCE Benefit does not cite any case law so holding. In short, FCE Benefit cannot point to (and does not plead) a claim made against it which arises out of allegations of wrongful conduct by Midwest to trigger the indemnity clause of the TPA Agreement.

Second, it is a fundamental rule of contract construction that a Court should not accept a reading of a contract which renders it a nullity or leads to an absurd result. *See Kavruck v. Blue Cross of California,* 108 Cal. App. 4th 773, 784 (Cal. Ct. App. 2003) (*citing Principal Mutual Life Ins. Co. v. Vars, Pave, McCord & Freedman*, 65 Cal. App. 4th 1469, 1483 (Cal. Ct. App. 1998)). Yet this is exactly the result if this Court accepts the construction that FCE Benefit presses. FCE Benefit requests that this Court broadly construe the indemnification clause's reference to "any claim" as including the underlying Complaint filed by Midwest. But the term "any" modifies the *types* of claims covered. It is not descriptive of the person bringing the claim. That matter, however, is addressed by other terms of the clause which clarify that the indemnity is meant only to apply to claims by others, i.e., third parties. Specifically, the clause gives Midwest certain rights to assume FCE Benefit's defense and obliges it to pay certain of FCE Benefit's liabilities. These provisions make sense only in the context of claims by others. It would be impossible (or at least absurd), for instance, for Midwest to: (a) assume the defense of a claim brought by it against FCE Benefit; (b) pay FCE Benefit's attorneys' fees regardless of whether Midwest wins or loses its own claim against FCE Benefit; (c) pay a settlement to itself on a claim against FCE Benefit; or (d) satisfy a judgment rendered in its favor against FCE Benefit.

This Court should instead apply a common sense construction of the indemnity and hold that it does not apply to claims by Midwest as indemnitor and arising out of the FCE Benefit's wrongful conduct as pled in the Complaint.

-3-

SF\3139881.1                    MIDWEST TRANSPORT'S REPLY TO FCE BENEFIT'S OPPOSITION TO MOTION TO DISMISS
                                FCE BENEFIT'S COUNTERCLAIM FOR INDEMINTY          CASE NO. C 07 4408 (CW)

## **Conclusion**

For the reasons stated herein and in Midwest's Motion to Dismiss and Memorandum in Support of that Motion, FCE Benefit's counterclaim for indemnity fails to state a cause of action for which relief may be granted.

Dated: November 21, 2007

                               CARMODY MACDONALD P.C.

                               DLA PIPER US LLP

                               By /s/ Carter W. Ott
                                   CARTER W. OTT
                                   Attorneys for Plaintiff and Counter-defendant
                                   Midwest Transport, Inc.