IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIDWEST TRANSPORT, INC., a Delaware Corporation,<br><br>    Plaintiff and Counter-Defendant,<br><br>    v.<br><br>FCE BENEFIT ADMINISTRATORS, INC., a California Corporation,<br><br>    Defendant and Counterclaimant.<br>_____/ | Nos. C 07-4408 CW<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM FOR INDEMNITY AND PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT |

    Plaintiff and Counter-Defendant Midwest Transport has filed a motion to dismiss Defendant's counterclaim for indemnity and a motion for leave to file an amended complaint. Defendant and Counterclaimant FCE Benefit Administrators opposes the motion to dismiss and has filed a statement of non-opposition to the motion for leave to file an amended complaint. The motions were decided on the papers. Having considered all of the parties' papers, the Court GRANTS Plaintiff's motions.

BACKGROUND

    Plaintiff is a federal government contractor that delivers mail throughout the United States. Defendant is a third-party benefit administrator that Plaintiff hired to design, implement and

administer a medical benefits plan for its employees. According to Plaintiff, Defendant committed to design and implement a benefit program that would not require Plaintiff to pay any more than the amount it was required to pay as fringe benefits for its employees based on its status as a government contractor. Plaintiff alleges that Defendant's design resulted in $700,000 in medical claims from Plaintiff's employees that were not reimbursable under the insurance selected. Plaintiff further alleges that Defendant's response to this problem was unilaterally to terminate its relationship with Plaintiff on March 9, 2007.

On August 27, 2007 Plaintiff filed its complaint, alleging breach of contract, negligence and negligent misrepresentation. Defendant answered and filed counterclaims for indemnity, breach of contract and defamation. Plaintiff now moves to dismiss the indemnity counterclaim. Plaintiff also moves for leave to file an amended complaint, seeking to name its insurance broker as a defendant.

## LEGAL STANDARD

Dismissal of a complaint can be based on either the lack of a cognizable legal theory or the lack of sufficient facts alleged under a cognizable legal theory. <u>Balistreri v. Pacifica Police Dept.</u>, 901 F.2d 696, 699 (9th Cir. 1990). All material allegations in the complaint will be taken as true and construed in the light most favorable to the plaintiff. <u>NL Indus., Inc. v. Kaplan</u>, 792 F.2d 896, 898 (9th Cir. 1986). Although the court is generally confined to consideration of the allegations in the pleadings, when the complaint is accompanied by attached documents, such documents

2

are deemed part of the complaint and may be considered in evaluating the merits of a Rule 12(b)(6) motion. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required." Fed. R. Civ. P. 8(e). The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which it bases its claim. See Bell Atl. Corp. v. Twombly, __ U.S. __, 127 S.Ct. 1955, 1964 (2007). To the contrary, all the Rules require is that the plaintiff "give the defendant fair notice of what the [plaintiff's] claim is and the grounds on which it rests." Id. (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)) (internal quotation marks omitted).

When granting a motion to dismiss, a court is generally required to grant a plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile. Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 246-47 (9th Cir. 1990). In determining whether amendment would be futile, a court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990). Leave to amend should be liberally granted, but an amended complaint cannot allege facts inconsistent with the challenged pleading. Id. at 296-97.

3

## DISCUSSION

Defendant's first counterclaim is titled "indemnity" and cites a clause in the parties' contract which provides,

> Employer hereby agrees to indemnify, hold harmless and assume the defense of FCE, its directors, shareholders, officers, employees, agents and attorneys ("FCE Parties") from any claim, liability, loss, damage, fine, penalties and costs, including reasonable attorney's fees, ("Claims") which any FCE Party may incur to the extent that Claim arises from (a) any failure of Employer to comply with any covenant or obligation of Employer under this Agreement, the Plan or Trust or (b) any misrepresentation or breach of warranty by Employer under this Agreement, the Plan or Trust. If Employer fails to do so, FCE may compromise and settle or defend against any Claim, and Employer will be obligated to indemnify and hold harmless TPA[1] for all costs of defense, compromise and settlement, including any judgments incurred by or rendered against TPA, which arise out of the Claim. The provisions of this Section will survive the termination of this Agreement and the Plan.

Complaint, Ex. A at 7. Defendant argues that Plaintiff's claims against it are "related to and directly arising out of" Plaintiff's own failure "to comply with various covenants and obligations." Counterclaims ¶¶ 2, 3. Specifically, Defendant asserts that Plaintiff "misrepresented the number of employees who would participate in the [insurance plan]; the amount of contributions that would be made to the Plan, and the status of certain employees being enrolled in the Plan." Id. at ¶ 8. Therefore, Defendant argues that Plaintiff must indemnify it under the terms of the clause quoted above. Id. at ¶ 4.

Plaintiff counters that the indemnity clause on its face applies only to claims brought by third parties and that its

---

[1] TPA stands for third-party administrator.

4

complaint is based on allegations of Defendant's negligence, which is not explicitly covered by the clause.  Further, Plaintiff notes that interpreting the contract to require it to indemnify Defendant for claims brought by Plaintiff would lead to an absurd result. Plaintiff's first argument, that the clause explicitly applies only to claims brought by third parties is not supported by the language, which makes no such limitation.[2]  Similarly, the fact that Plaintiff has plead that Defendant was negligent in its actions does not automatically preclude the applicability of the indemnity clause.  This argument would only apply if Defendant was found actually negligent.  Further, it appears that the clause was drafted to cover situations in which claims, including claims of negligence, are brought against Defendant but the fault actually lies with Plaintiff.

However, Plaintiff's final argument, that reading the contract as proposed by Defendant leads to absurd results, is well-taken. As Plaintiff points out, interpreting the provision in the manner proposed by Defendant would require Plaintiff to defend the case against itself, to pay Defendant's attorneys' fees regardless of whether it wins or loses and to pay a judgment in its favor on Defendant's behalf.  Further Defendant's proposed interpretation would preclude Plaintiff from enforcing the contract against Defendant, essentially rendering the contract meaningless.  Under

---

[2] However, the Court notes that "an indemnitor in an indemnity contract generally undertakes to protect the indemnitee against loss or damage through liability to a third person." Myers Building Industries, Ltd. v. Interface Technology, Inc., 13 Cal. App. 4th 949, 968 (1993).

5

California law, "contracts should be read in a manner that renders them reasonable and capable of being put into effect". Heppler v. J.M. Peters Co., 73 Cal. App. 4th 1265, 1278 (1999); see also Cal. Civ. Code § 1643 ("A contract must receive such a interpretation as will make it lawful, operative, definite, reasonable, and capable of being carried into effect, if it can be done without violating the intention of the parties.").

As stated above, the Court is ordinarily required to dismiss a complaint with leave to amend. However, the Court finds that amendment would be futile. There is no way in which Defendant can plead a claim requiring Plaintiff to indemnify it in this case.

CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion to dismiss Defendant's indemnity counterclaim without leave to amend (Docket No. 23).

As stated above, Plaintiff has also filed a motion for leave to file an amended complaint, seeking to add its insurance broker, Calfia Development Corp. as a defendant. Defendant has filed a statement of non-opposition. The Court GRANTS Plaintiff's motion for leave to file an amended complaint (Docket No. 22). Plaintiff may file and serve its amended complaint. Pursuant to the parties' stipulation, an initial case management conference will be held on February 12, 2008.

IT IS SO ORDERED.

Dated: 12/11/07

CLAUDIA WILKEN
United States District Judge

6