ROBERT D. EASSA, Cal. Bar No. 107970
reassa@filicebrown.com
PAUL R. JOHNSON, Cal. Bar No. 115817
pjohnson@filicebrown.com
FILICE BROWN EASSA & McLEOD LLP
1999 Harrison Street, 18th Floor
Oakland, CA 94612
Tel: (510) 444-3131
Fax: (510) 839-7940

Attorneys for Defendant
FCE BENEFIT ADMINISTRATORS, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

MIDWEST TRANSPORT, INC.

Plaintiff,

v.

FCE BENEFIT ADMINISTRATORS, INC.,

Defendants.

Case No. C 07-04408 JCS

**ANSWER OF DEFENDANT FCE BENEFIT ADMINISTRATORS, INC. TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM FOR BREACH OF CONTRACT AND DEFAMATION**

Defendant FCE Benefit Administrators, Inc. (hereinafter referred to as FCE), in answer to plaintiff's first amended complaint respectfully files its original answer and counterclaim to plaintiff 's first amended complaint, and would show the Court as follows:

**I. ORIGINAL ANSWER**

1. In response to paragraph 1 of the first amended complaint, FCE is without sufficient knowledge or information upon which to admit or deny, and on that basis, it denies the allegations of the paragraph.

2. In response to paragraph 2 of the first amended complaint, FCE admits that its business is the design, implementation and administration of fringe benefit plans based upon the selection, authorization and approval of the employer. FCE also admits that it is a corporation with its

company headquarters are in Burlingame, California. FCE denies the remainder of the allegations in this paragraph.

3. In response to paragraph 3 of the first amended complaint, FCE is without sufficient knowledge or information upon which to admit or deny, and on that basis, it denies the allegations of the paragraph.

4. In response to paragraph 4 of the first amended complaint, FCE concurs that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. FCE denies that plaintiff is entitled to any relief from FCE.

5. In response to paragraph 5 of the first amended complaint, FCE concurs that venue is proper in the Northern District of California.

6. In response to paragraph 6 of the first amended complaint, FCE admits that the quoted clause is contained within the Third Party Administration Agreement (hereinafter TPA Agreement) between FCE and Midwest Transport, Inc. (hereinafter referred to as Midwest).

7. In response to paragraph 7 of the first amended complaint, FCE admits that the attached TPA Agreement is a true and accurate copy.

8. In response to paragraph 8 of the first amended complaint, FCE concurs that assignment to the San Francisco Division is appropriate.

9. In response to paragraph 9 of the first amended complaint, FCE is without sufficient information and knowledge to admit or deny the allegations in this paragraph, and on that basis, it denies all such allegations.

10. In response to paragraph 10 of the first amended complaint, FCE is without sufficient information and knowledge to admit or deny the allegations in this paragraph, and on that basis, it denies all such allegations.

11. In response to paragraph 11 of the first amended complaint, FCE is without sufficient information and knowledge to admit or deny the allegations in this paragraph, and on that basis, it denies all such allegations.

FBE&M
LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131

12. In response to paragraph 12 of the first amended complaint, FCE is without sufficient information and knowledge to admit or deny the allegations in this paragraph, and on that basis, it denies all such allegations.

13. In response to paragraph 13 of the first amended complaint, FCE is without sufficient information and knowledge to admit or deny the allegations in this paragraph, and on that basis, it denies all such allegations.

14. In response to paragraph 14 of the first amended complaint, FCE admits that it made proposals to Midwest to offer services as its Third Party Administrator. FCE denies the remainder of the allegations in this paragraph.

15. In response to paragraph 15 of the first amended complaint, FCE is without sufficient information and knowledge to admit or deny the allegations in this paragraph, and on that basis, it denies all such allegations.

16. In response to paragraph 16 of the first amended complaint, FCE is without sufficient information and knowledge to admit or deny the allegations in this paragraph, and on that basis, it denies all such allegations.

17. In response to paragraph 17 of the first amended complaint, FCE denies the allegations in this paragraph as to FCE. With respect to CDC, FCE is without sufficient information and knowledge to admit or deny the allegations in this paragraph, and on that basis, it denies all such allegations.

18. In response to paragraph 18 of the first amended complaint, FCE admits that it entered into a TPA Agreement with Midwest to implement and administer its medical benefit plan. FCE denies that it would "design" a plan for medical benefits without approval and authorization of Midwest. FCE is without sufficient information and knowledge to admit or deny the remaining allegations in this paragraph with respect to the reason for Midwest's selection of FCE and CDC's recommendations, and on that basis, it denies the remaining allegations.

19. In response to paragraph 19 of the first amended complaint, FCE admits that it entered into a Third Party Administrator Agreement with Midwest, an Adoption Agreement for the Health & Welfare Plan of Midwest Transport, Inc. (hereinafter Adoption Agreement), and a Trust

FBE&M
LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131

Agreement for the Health & Welfare Plan of Midwest Transport, Inc. (hereinafter Trust Agreement).

20. In response to paragraph 20 of the first amended complaint, FCE admits that Exhibit C is a true and correct copy of the Adoption Agreement.

21. In response to paragraph 21 of the first amended complaint, FCE admits that Exhibit D is a true and correct copy of the Trust Agreement, except to the extent the faxing or photocopying of the document resulted in portions of the left side being cut off.

22. In response to paragraph 22 of the first amended complaint, FCE admits the allegations in this paragraph.

23. In response to paragraph 23 of the first amended complaint, FCE notes that this paragraph constitutes a legal contention which requires no response. To the extent a response to the contention is necessary, it is denied.

24. In response to paragraph 24 of the first amended complaint, FCE notes that this paragraph constitutes a legal contention which requires no response. To the extent a response to the contention is necessary, FCE is without sufficient information and knowledge to admit or deny the allegations in this paragraph, and on that basis, it denies all such allegations.

25. In response to paragraph 25 of the first amended complaint, FCE admits that pursuant to the TPA Agreement, it would provide for the processing and payment of benefit claims except for benefits provided to Employees through an insurance policy, out of the contributions made to the Employer's Health and Welfare Plan. FCE denies that it was personally responsible from its own funds for the payment of benefit claims and denies the remainder of the allegations as characterized and as worded.

26. In response to paragraph 26 of the first amended complaint, FCE admits that pursuant to the TPA Agreement, one of the services that FCE would provide to Midwest included "monitoring, identifying, preparing, filing, and recovering stop loss obligations." FCE denies the remainder of the allegations as characterized and worded.

27. In response to paragraph 27 of the first amended complaint, FCE admits that pursuant to the TPA Agreement, one of the services that FCE would provide to Midwest included "establishing

FBE&M
LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131

and maintaining insurance and reinsurance coverage for plans." FCE denies the remainder of the allegations as characterized and worded.

28. In response to paragraph 28 of the first amended complaint, FCE admits that Midwest implemented a "funding policy." FCE denies that Midwest paid money into the fund in accordance with the provisions of the Trust Agreement for The Health & Welfare Plan of Midwest Transport, Inc.

29. In response to paragraph 29 of the first amended complaint, FCE is without sufficient information and knowledge to admit or deny the allegations in this paragraph, and on that basis, it denies all such allegations.

30. In response to paragraph 30 of the first amended complaint, FCE denies the allegations in this paragraph.

31. In response to paragraph 31 of the first amended complaint, FCE admits that it facilitated Midwest in obtaining stop loss coverage. At this time, FCE is without sufficient knowledge or information upon which to admit or deny that the referenced coverage was from Zurich American Insurance Company for the referenced time period, and on that basis, it denies the allegation. FCE denies the remainder of the allegations in this paragraph.

32. In response to paragraph 32 of the first amended complaint, at this time, FCE is without sufficient knowledge or information to admit or deny that Exhibit E is a true and correct copy of the policy, and on that basis, it denies the allegations in this paragraph.

33. In response to paragraph 33 of the first amended complaint, FCE admits that it facilitated Midwest in obtaining stop loss coverage. At this time, FCE is without sufficient knowledge or information upon which to admit or deny that the referenced coverage was from Gerber Life Insurance Company for the period in question, and on that basis, it denies the allegation. FCE denies the remainder of the allegations in this paragraph.

34. In response to paragraph 34 of the first amended complaint, at this time, FCE is without sufficient knowledge or information to admit or deny that Exhibit F is a true and correct copy of the policy, and on that basis, it denies the allegations in this paragraph.

FBE&M
LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131

35. In response to paragraph 35 of the first amended complaint, FCE denies the allegations in this paragraph.

36. In response to paragraph 36 of the first amended complaint, FCE is without sufficient information and knowledge to admit or deny the allegations in this paragraph, and on that basis, it denies all such allegations.

37. In response to paragraph 37 of the first amended complaint, FCE denies the allegations in this paragraph.

38. In response to paragraph 38 of the first amended complaint, FCE is without sufficient information and knowledge to admit or deny the allegation in this paragraph as to the amount of alleged unreimbursed claims, and on that basis, it denies all such allegations. Further, FCE denies that any unreimbursed claims were due to the fault of FCE.

39. In response to paragraph 39 of the first amended complaint, FCE is without sufficient information and knowledge to admit or deny the allegation in this paragraph as to the amount, if any, of the alleged unreimbursed claims, which exceed Midwest's fringe benefit contributions, and on that basis, it denies all such allegations. Further, FCE denies that any unreimbursed claims were due to the fault of FCE.

40. In response to paragraph 40 of the first amended complaint, FCE denies the allegations in this paragraph.

41. In response to paragraph 41 of the first amended complaint, FCE admits that the quoted language is contained within Article VII of the TPA Agreement.

42. In response to paragraph 42 of the first amended complaint, FCE denies the allegations in this paragraph.

43. In response to paragraph 43 of the first amended complaint, FCE admits that an agent or employee of CDC, acting as the agent of Midwest, requested termination of the medical benefits plan. With respect to the remaining allegations, FCE is without sufficient information and knowledge to admit or deny the allegations in this paragraph, and on that basis, it denies all such allegations.

FBE&M
LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131

44. In response to paragraph 44 of the first amended complaint, FCE admits that the termination of the Health & Welfare Plan of Midwest Transport, Inc. did not occur on the anniversary of the insurance contract covering the plan benefits. FCE denies the remainder of the allegations in this paragraph.

45. In response to paragraph 45 of the first amended complaint, FCE denies the allegations of this paragraph.

46. In response to paragraph 46 of the first amended complaint, FCE denies the allegations of this paragraph, including all subparts.

47. In response to paragraph 47 of the first amended complaint, FCE incorporates its denials, admissions, and/or inability to admit or deny as set forth in the preceding corresponding paragraphs.

48. In response to paragraph 48 of the first amended complaint, FCE notes that this statement constitutes a legal contention which requires no response. To the extent a response to the contention is necessary, it is denied.

49. In response to paragraph 49 of the first amended complaint, FCE denies the allegations contained in this paragraph.

50. In response to paragraph 50 of the first amended complaint, FCE denies the allegations contained in this paragraph.

51. In response to paragraph 51 of the first amended complaint, FCE denies the allegations contained in this paragraph.

52. In response to paragraph 52 of the first amended complaint, FCE incorporates its denials, admissions, and/or inability to admit or deny as set forth in the preceding corresponding paragraphs.

53. In response to paragraph 53 of the first amended complaint, FCE notes that this statement constitutes a legal contention which requires no response. To the extent a response to the contention is necessary, it is denied.

54. In response to paragraph 54 of the first amended complaint, FCE denies the allegations contained in this paragraph.

FBE&M
LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131

55. In response to paragraph 55 of the first amended complaint, FCE denies the allegations contained in this paragraph.

56. In response to paragraph 56 of the first amended complaint, FCE incorporates its denials, admissions, and/or inability to admit or deny as set forth in the preceding corresponding paragraphs.

57. In response to paragraph 57 of the first amended complaint, FCE denies the allegations contained in this paragraph.

58. In response to paragraph 58 of the first amended complaint, FCE denies the allegations contained in this paragraph.

59. In response to paragraph 59 of the first amended complaint, FCE denies the allegations contained in this paragraph.

60. In response to paragraph 60 of the first amended complaint, FCE denies the allegations contained in this paragraph.

61. In response to paragraph 61 of the first amended complaint, FCE denies the allegations contained in this paragraph.

62. In response to paragraph 62 of the first amended complaint, FCE denies the allegations contained in this paragraph.

63. In response to paragraph 63 of the first amended complaint, FCE incorporates its denials, admissions, and/or inability to admit or deny as set forth in the preceding corresponding paragraphs.

64. In response to paragraph 64 of the first amended complaint, FCE is without sufficient information and knowledge to admit or deny the allegations in this paragraph, and on that basis, it denies all such allegations.

65. In response to paragraph 65 of the first amended complaint, FCE is without sufficient information and knowledge to admit or deny the allegations in this paragraph, and on that basis, it denies all such allegations.

FBE&M
LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131

66. In response to paragraph 66 of the first amended complaint, FCE is without sufficient information and knowledge to admit or deny the allegations in this paragraph, and on that basis, it denies all such allegations.

67. In response to paragraph 67 of the first amended complaint, FCE is without sufficient information and knowledge to admit or deny the allegations in this paragraph, and on that basis, it denies all such allegations.

68. In response to paragraph 68 of the first amended complaint, FCE is without sufficient information and knowledge to admit or deny the allegations in this paragraph, and on that basis, it denies all such allegations.

69. In response to paragraph 69 of the first amended complaint, FCE is without sufficient information and knowledge to admit or deny the allegations in this paragraph, and on that basis, it denies all such allegations.

70. In response to paragraph 70 of the first amended complaint, FCE incorporates its denials, admissions, and/or inability to admit or deny as set forth in the preceding corresponding paragraphs.

71. In response to paragraph 71 of the first amended complaint, FCE is without sufficient information and knowledge to admit or deny the allegations in this paragraph, and on that basis, it denies all such allegations.

72. In response to paragraph 72 of the first amended complaint, FCE is without sufficient information and knowledge to admit or deny the allegations in this paragraph, and on that basis, it denies all such allegations.

73. In response to paragraph 73 of the first amended complaint, FCE is without sufficient information and knowledge to admit or deny the allegations in this paragraph, and on that basis, it denies all such allegations.

74. In response to the Prayer for Relief, FCE denies that Midwest is entitled to any relief in this matter against FCE.

FBE&M
LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131

**FURTHER AND AFFIRMATIVE DEFENSES**

75. This action is preempted by the Employee Retirement and Income Security Act (ERISA), 29 U.S.C. § 1001 et seq.

76. The alleged damages, if any, are completely or in part the result of Midwest's failure to mitigate as required by law, and recovery by Midwest is, therefore, barred and/or limited.

77. The acts, conduct, or omissions of Midwest, and/or its agents or employees, or others caused any damages alleged in the first amended complaint (which damages are denied), and FCE has no liability to Midwest, or, if FCE were to be held liable (which FCE denies), then such liability must be limited based on proportionate fault.

78. The damages, if any, alleged by Midwest (which damages are denied) were caused solely or in part by the comparative negligence of Midwest and each of the claims is barred wholly or in part by reason of such comparative negligence.

79. The damages, if any, alleged by Midwest (which damages are denied) were caused solely or in part by Midwest's failure to exercise its duty, authority and responsibility under the TPA Agreement to decrease and/or delete Plan benefits based upon recommendations made by FCE.

80. The damages, if any, alleged by Midwest (which damages are denied) were cause solely or in part by Midwest's failure to comply with its duties under the TPA Agreement.

81. The damages, if any, alleged by Midwest (which damages are denied) were proximately caused by an unforeseeable, independent, intervening and/or superseding event beyond the control, and unrelated to any conduct of FCE. FCE's actions, if any, were superseded by the negligence and wrongful conduct of others.

82. Midwest's action is barred and/or FCE's conduct is excused on the basis that Midwest fraudulently or negligently made material misrepresentations. Such fraudulent or negligent material misrepresentations include, but are not limited to, the number of employees who would enroll in the Health & Welfare Plan of Midwest Transport, Inc.; the amount of contributions that would be made to the plan; and the status of certain employees who were enrolled in the Plan.

FBE&M
LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131

83. FCE further pleads that full or partial performance under the contract was impossible given the conduct of Midwest.

84. FCE further pleads that Midwest prevented FCE's performance under the TPA Agreement by failing to adhere to its own obligations and duties under the Agreement.

85. Additional affirmative defenses may be available to FCE, and FCE reserves the right to amend its answer to allege such additional affirmative defenses once they have been fully ascertained and can be pleaded.

**PRAYER**

WHEREFORE, defendant FCE Benefit Administrators, Inc, prays for judgment against Midwest as follows:

1. That Midwest take nothing and have no relief, whether by reason of the first amended complaint herein or otherwise;

2. That FCE Benefit Administrators, Inc. be awarded its costs incurred in this lawsuit;

3. That, if FCE is found liable, the degree of responsibility and liability for the resulting damages be determined, and that FCE be liable only for the portion of total damages in proportion to its total responsibility for same; and

4. For such other and further relief as the Court deems proper.

**II. COUNTERCLAIM**

**A. Breach of Contract**

1. At all times material hereto, FCE performed all of its contractual duties owed to Midwest pursuant to the TPA Agreement.

2. Midwest, on several occasions, failed to comply with various covenants and obligations under the TPA Agreement, Health & Welfare Plan and Trust Agreement.

3. Midwest misrepresented the number of employees who would participate in the Health & Welfare Plan of Midwest Transport, Inc.; the amount of contributions that would be made to the Plan, and the status of certain employees being enrolled in the Plan.

4. Midwest failed to exercise its duty, authority and responsibility to decrease or delete

FBE&M
LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131

benefits based upon recommendations of FCE.

5. Such failures to comply constitute a breach of contract which has caused FCE damages.

**B. Defamation**

6. Midwest in at least one written, unprivileged publication to its employees has characterized FCE as providing "health insurance."

7. Midwest in at least one written, unprivileged publications to its employees has stated that FCE "cancelled our insurance."

8. Midwest in at least one written, unprivileged publication to its employees has stated that FCE failed to do what it promised.

9. Midwest has also, through written publications to its employees, impugned FCE by claiming that FCE is the cause of Midwest's failure to provide and pay for medical and health care benefits which it voluntarily agreed to provide to its employees.

10. The foregoing statements were false and were of the nature to impugn and injure FCE's business and reputation.

11. Further, the written publications were such that they have resulted in special damages, including but not limited to, FCE being required to respond to unwarranted complaints and inquiries by employees who mistakenly believed that FCE was required to pay, out of its own funds, coverage for health care expenses and that FCE had wrongfully "cancelled" their health insurance.

**PRAYER**

**WHEREFORE**, FCE demands judgment on its counterclaims against Midwest Transport, Inc. for damages, attorneys' fees, interest, costs, and for such other and further relief as the Court deems proper.


FBE&M
LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131

DATED: January 3, 2008

FILICE BROWN EASSA & McLEOD LLP

By: ______________________

ROBERT D. EASSA
PAUL R. JOHNSON
Attorneys for Defendant
FCE BENEFIT ADMINISTRATORS, INC.

FBE&M
LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131