1 | DAVID P. STOEBERL (Mo. Bar No. 46024)
dps@carmodymacdonald.com
2 | JULIE L. WATERS (Mo. Bar No. 55314)
juw@carmodymacdonald.com
3 | CARMODY MACDONALD P.C.
120 South Central Avenue, Suite 1800
4 | St. Louis, MO 63105
Tel: 314-854-8600
5 | Fax: 314-854-8660

6 | CARTER W. OTT (State Bar No. 221660)
carter.ott@dlapiper.com
7 | DLA PIPER US LLP
153 Townsend Street, Suite 800
8 | San Francisco, California 94107
Telephone: 415-836-2500
9 | Facsimile: 415-836-2501

10 | Attorneys for Plaintiff and Counter-defendant
MIDWEST TRANSPORT, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MIDWEST TRANSPORT, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>FCE BENEFIT ADMINISTRATORS, INC., a California Corporation<br><br><br>FCE BENEFIT ADMINISTRATORS, INC., a California Corporation,<br><br>Counter-claimant,<br><br>v.<br><br>MIDWEST TRANSPORT, INC., a Delaware Corporation,<br><br>Counter-defendant. | CASE NO. C 07-4408 (CW)<br><br>**MIDWEST TRANSPORT, INC.'S ANSWER TO FCE BENEFIT ADMINISTRATOR'S INC. FIRST AMENDED COUNTERCLAIMS FOR BREACH OF CONTRACT AND DEFAMATION**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Judge: The Honorable Claudia Wilken<br>Courtroom: 2 |

/////

/////

-1-

Plaintiff Midwest Transport, Inc., ("Midwest") by and through its counsel submits its answer to FCE Benefit Administrator Inc.'s ("Defendant") Counterclaims for Breach of Contract and Defamation.

### A. Breach of Contract

1. Midwest denies each and every allegation contained in Paragraph 1.
2. Midwest denies each and every allegation contained in Paragraph 2.
3. Midwest denies each and every allegation contained in Paragraph 3.
4. Midwest denies each and every allegation contained in Paragraph 4.
5. Midwest denies each and every allegation contained in Paragraph 5.

### B. Defamation

6. Midwest denies each and every allegation contained in Paragraph 6.
7. Midwest denies each and every allegation contained in Paragraph 7.
8. Midwest denies each and every allegation contained in Paragraph 8.
9. Midwest denies each and every allegation contained in Paragraph 9.
10. Midwest denies each and every allegation contained in Paragraph 10.
11. Midwest denies each and every allegation contained in Paragraph 11.

### Affirmative Defenses

1. Each of Defendant's Counterclaims fails to state a claim.
2. Defendant's Counterclaims are barred by the doctrine of unclean hands.
3. If Defendant did sustain damages, which Plaintiff expressly denies, Defendant has failed to mitigate those damages.
4. Defendant's Counterclaims are barred by the doctrines of waiver, estoppel and/or laches.

/////
/////
/////
/////
/////

SF\3140601.1    MIDWEST TRANSPORT'S ANSWER TO FCE BENEFIT'S FIRST AMENDED COUNTERCLAIMS FOR BREACH OF CONTRACT AND DEFAMATION    CASE NO. C 07-4408 (CW)

1	5.	The alleged publication(s), if any were made, constitute non-actionable opinion. By so alleging, Midwest specifically denies that the burden of proof is on Midwest on this issue. Rather Midwest contends that Defendant bears the burden of proof on this issue.

2	6.	The alleged publication(s), if any were made, are privileged under Civil Code § 47 as a communication made without malice to a person interested therein by one who is also interested, and by one who stands in relation to the person interested as to afford a reasonable ground for supposing the motive for the communication innocent, and/or who was requested by the person interested to give the information, if any, and/or as a publication of the matter for the public interest. By so alleging, Midwest specifically denies that the burden of proof is on Midwest on this issue. Rather Midwest contends that Defendant bears the burden of proof on this issue.

7.	The alleged publication(s) if any were made, were published in good faith, reasonably, honestly and without malice based upon the substantial truth of the publication. By so alleging, Midwest specifically denies that the burden of proof is on Midwest on this issue. Rather Midwest contends that Defendant bears the burden of proof on this issue.

8.	The alleged publications, if any were made, were true. By so alleging, Midwest specifically denies that the burden of proof is on Midwest on this issue. Rather Midwest contends that Defendant bears the burden of proof on this issue.

9.	Defendant failed to serve the demand for correction or retraction required by Civil Code section 48(a) in the time required by section 48(a). Accordingly, no special damages may be recovered in this action.

10.	Under California Civil Code Section 47(2) these alleged publications are related to litigation and are absolutely privileged and cannot provide the basis for a defamation claim. By so alleging, Midwest specifically denies that the burden of proof is on Midwest on this issue. Rather Midwest contends that Defendant bears the burden of proof on this issue.

/////

/////

/////

-3-

11. Plaintiff gives notice that it intends to rely upon such other affirmative defenses as may become available or apparent during the course of discovery and reserves the right to amend its Answer to assert those defenses.

WHEREFORE, Plaintiff Midwest Transport, Inc., respectfully requests that this Court dismiss FCE Benefit Administrators, Inc.'s Counterclaims, award it reasonable and just attorneys and grant such other relief as the Court deems just and proper.

Dated: January 14, 2008

CARMODY MACDONALD P.C.

DLA PIPER US LLP

By: /s/ Carter W. Ott
CARTER W. OTT
Attorneys for Plaintiff and Counter-defendant
Midwest Transport, Inc.