John H. Stephens, SBN 082971
jstephens@wertzmcdade.com
Julie A. Lewin, SBN 225150
jlewin@wertzmcdade.com
WERTZ McDADE WALLACE MOOT & BROWER
A Professional Corporation
945 Fourth Avenue
San Diego, California 92101
(619) 233-1888 / Fax: (619) 696-9476

Attorneys for Defendant CALIFIA
DEVELOPMENT CORPORATION
dba CDC INSURANCE SERVICES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MIDWEST TRANSPORT, INC. a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>FCE BENEFIT ADMINISTRATORS, INC., a California Corporation; and CALIFIA DEVELOPMENT CORP., d/b/a CDC Insurance Services, a California Corporation,<br><br>Defendants. | CASE NO. C 07-4408 (CW)<br><br>ANSWER OF CALIFIA DEVELOPMENT CORPORATION dba CDC INSURANCE SERVICES TO PLAINTIFF'S FIRST AMENDED COMPLAINT<br><br>DEMAND FOR JURY TRIAL<br><br>Judge: The Honorable Claudia Wilkin<br>Courtroom: 2 |

Defendant Califia Development Corporation dba CDC Insurance Services ("Defendant") hereby answers the First Amended Complaint (the "Complaint") of Plaintiff Midwest Transport, Inc. ("Plaintiff") as follows:

1. Defendant lacks sufficient knowledge to either admit or deny the allegations set forth in paragraph 1 of the Complaint, and on that basis denies the allegations.

2. Defendant lacks sufficient knowledge to either admit or deny the allegations set forth in paragraph 2 of the Complaint, and on that basis denies the allegations.

3. Responding to paragraph 3 of the Complaint, Plaintiff admits that it is a corporation providing insurance brokerage services with its headquarters located in Temecula, California. Defendant denies each and every one of the remaining allegations set forth in paragraph 3.

4. Defendant lacks sufficient knowledge to either admit or deny the allegations set forth in paragraph 4 of the Complaint, and on that basis denies the allegations.

5. Defendant lacks sufficient knowledge to either admit or deny the allegations set forth in paragraph 5 of the Complaint, and on that basis denies the allegations.

6. Responding to paragraph 6 of the Complaint, Defendant admits that the "Third Party Administrator Agreement" between Midwest and FCE Benefit attached as Exhibit A to the Complaint, contains a forum selection clause; however, Defendant denies that the forum selection clause applies to Defendant.

7. Defendant lacks sufficient knowledge to either admit or deny the allegations set forth in paragraph 7 of the Complaint, and on that basis denies the allegations.

8. Defendant lacks sufficient knowledge to either admit or deny the allegations set forth in paragraph 8 of the Complaint, and on that basis denies the allegations.

9. Defendant admits the allegations set forth in paragraph 9 of the Complaint upon information and belief.

10. Defendant admits the allegations set forth in paragraph 10 of the Complaint upon information and belief.

11. Defendant denies the allegations set forth in paragraph 11 as stated. Defendant is an insurance broker which will, upon request of its clients, locate Third Party Administrators ("TPAs") for selection by its clients. Upon that basis, Defendant denies each and every one of allegations set forth in paragraph 11.

12. Responding to paragraph 12 of the Complaint, Defendant admits that Plaintiff selected Defendant as an insurance broker, but denies each and every one of the remaining allegations set forth therein.

13. Responding to paragraph 13 of the Complaint, Defendant admits that Plaintiff solicited several potential TPAs through its insurance brokers regarding the implementation of a medical benefits plan, but Defendant denies each and every one of the remaining allegations set forth therein.

///

14. Defendant admits the allegations set forth in paragraph 14 of the Complaint upon information and belief.

15. Defendant lacks sufficient knowledge to either admit or deny the allegations set forth in paragraph 15 of the Complaint, and on that basis denies the allegations.

16. Defendant lacks sufficient knowledge to either admit or deny the allegations set forth in paragraph 16 of the Complaint, and on that basis denies the allegations.

17. Defendant denies the allegations set forth in paragraph 17 of the Complaint as they pertain to Defendant. As the allegations pertain to Defendant FCE Benefits, Defendant lacks sufficient knowledge to either admit or deny the allegations set forth in paragraph 17 of the Complaint, and on that basis denies the allegations.

18. Responding to paragraph 18 of the Complaint, Defendant lacks sufficient knowledge as to the reasons for Plaintiff's selection of FCE Benefit and, on that basis, denies the allegations.

19. Defendant admits the allegations set forth in paragraph 19 of the Complaint upon information and belief.

20. Defendant lacks sufficient knowledge to either admit or deny the allegations set forth in paragraph 20 of the Complaint, and on that basis denies the allegations.

21. Defendant lacks sufficient knowledge to either admit or deny the allegations set forth in paragraph 21 of the Complaint, and on that basis denies the allegations.

22. Defendant lacks sufficient knowledge to either admit or deny the allegations set forth in paragraph 22 of the Complaint, and on that basis denies the allegations.

23. Paragraph 23 of the Complaint contains legal conclusions and does not contain factual allegations that may be admitted or denied. To the extent that a response is required, Defendant lacks sufficient knowledge to either admit or deny the allegations set forth in paragraph 23 of the Complaint, and on that basis denies the allegations.

24. Paragraph 24 of the Complaint contains legal conclusions and does not contain factual allegations that may be admitted or denied. To the extent that a response is required, Defendant denies that it owed Plaintiff a duty under the circumstances alleged in the Complaint.

1    25.    Defendant admits the allegations set forth in paragraph 25 of the Complaint upon information and belief.

2    26.    Defendant admits that the "Third Party Administrator Agreement" attached as Exhibit A to the Complaint contains the language recited in paragraph 26 of the Complaint.

3    27.    Defendant admits that the "Third Party Administrator Agreement" attached as Exhibit A to the Complaint contains the language recited in paragraph 27 of the Complaint.

4    28.    Responding to paragraph 28 of the Complaint, Defendant admits upon information and belief that Plaintiff established a funding policy pursuant to the terms of the FCE Benefit Trust Agreement; however, Defendant lacks sufficient information or belief to either admit or deny whether Plaintiff paid money into the fund and, on that basis, denies that allegation.

5    29.    Defendant denies the allegations set forth in paragraph 29 as stated. Defendant informed Midwest that, if requested, it would assist with necessary communications with FCE Benefit and would consult with Midwest as appropriate regarding the benefits program once it was implemented; however, it was FCE that made recommendations concerning the program. Upon that basis, Defendant denies each and every one of allegations set forth in paragraph 29.

6    30.    Responding to paragraph 30, Defendant admits that FCE Benefit was to provide appropriate stop-loss insurance coverage; however, Defendant lacks sufficient knowledge to either admit or deny the other allegations in paragraph 30, and on that basis denies the allegations.

7    31.    Responding to paragraph 31 of the Complaint, Defendant admits upon information and belief that Zurich Insurance Company provided stop-loss insurance coverage for the period May 1, 2005, through April 30, 2006; however, Defendant lacks sufficient knowledge to either admit or deny the allegation that Zurich was selected by FCE Benefits and, on that basis, Defendant denies that allegation.

8    32.    Defendant lacks sufficient knowledge to either admit or deny the allegations set forth in paragraph 32 of the Complaint, and on that basis denies the allegations.

9    33.    Responding to paragraph 33 of the Complaint, Defendant admits upon information and belief that Gerber Life Insurance Company provided stop-loss insurance coverage for the period May 1, 2006, through May 1, 2007; however, Defendant lacks sufficient knowledge to

1  either admit or deny the allegation that Gerber was selected by FCE Benefits and, on that basis,
2  Defendant denies that allegation.

3      34.    Defendant lacks sufficient knowledge to either admit or deny the allegations set
4  forth in paragraph 34 of the Complaint, and on that basis denies the allegations.

5      35.    Defendant lacks sufficient knowledge to either admit or deny the allegations set
6  forth in paragraph 35 of the Complaint, and on that basis denies the allegations.

7      36.    Defendant denies the allegations set forth in paragraph 36 of the Complaint, and
8  further denies that it owed any duty to Plaintiff to undertake the actions alleged.

9      37.    Defendant denies the allegations set forth in paragraph 37 of the Complaint as they
10 pertain to Defendant. As the allegations pertain to Defendant FCE Benefits, Defendant lacks
11 sufficient knowledge to either admit or deny those allegations, and on that basis denies the
12 allegations.

13     38.    Defendant lacks sufficient knowledge to either admit or deny the allegations set
14 forth in paragraph 38 of the Complaint, and on that basis denies the allegations.

15     39.    Defendant lacks sufficient knowledge to either admit or deny the allegations set
16 forth in paragraph 39 of the Complaint, and on that basis denies the allegations.

17     40.    Defendant admits that the "Trust Agreement" attached as Exhibit D to the
18 Complaint contains the language recited in paragraph 40 of the Complaint.

19     41.    Defendant admits that the "Trust Agreement" attached as Exhibit D to the
20 Complaint contains the language recited in paragraph 41 of the Complaint.

21     42.    Responding to paragraph 42 of the Complaint, Defendant admits upon information
22 and belief that FCE Benefit unilaterally terminated the medical benefits plan, giving Midwest no
23 notice; however, Defendant lacks sufficient knowledge to either admit or deny the remaining
24 allegations in paragraph 42, and on that basis denies the allegations.

25     43.    Responding to paragraph 43 of the Complaint, Defendant denies that one of its
26 employees contacted FCE Benefit and requested the termination of the medical benefits plan, and
27 further alleges that Plaintiff wanted to terminate the plan but needed FCE Benefit's
28

WERTZ MCDADE WALLACE MOOT & BROWER
A Professional Corporation
945 Fourth Avenue
San Diego, California 92101
Tel (619) 233-1888 • Fax (619) 696-9476

1  recommendation concerning timing; however, Defendant lacks sufficient knowledge to either admit or deny the remaining allegations in paragraph 43, and on that basis denies the allegations.

44. Defendant admits the allegations set forth in paragraph 44 of the Complaint upon information and belief.

45. Defendant lacks sufficient knowledge to either admit or deny the allegations set forth in paragraph 45 of the Complaint, and on that basis denies the allegations.

46. Defendant denies the allegations set forth in paragraph 46 of the Complaint as they pertain to Defendant. As the allegations pertain to Defendant FCE Benefits, Defendant lacks sufficient knowledge to either admit or deny the allegations set forth in paragraph 46 of the Complaint, and on that basis denies the allegations. Furthermore, Defendant lacks sufficient knowledge to either admit or deny whether Plaintiff has, in fact, sustained the losses alleged in paragraph 46 of the Complaint, and therefore denies the allegations set forth therein for that additional reason.

47. Responding to paragraph 47 of the Complaint, Defendant incorporates by this reference the preceding paragraphs as though set forth fully herein.

48. Paragraph 48 of the Complaint contains only legal conclusions and does not contain factual allegations that may be admitted or denied. To the extent that a response is required, Defendant lacks sufficient knowledge to either admit or deny the allegations set forth in paragraph 48 of the Complaint, and on that basis denies the allegations.

49. Paragraph 49 of the Complaint contains only legal conclusions and does not contain factual allegations that may be admitted or denied. To the extent that a response is required, Defendant lacks sufficient knowledge to either admit or deny the allegations set forth in paragraph 49 of the Complaint, and on that basis denies the allegations.

50. Paragraph 50 of the Complaint contains only legal conclusions and does not contain factual allegations that may be admitted or denied. To the extent that a response is required, Defendant lacks sufficient knowledge to either admit or deny the allegations set forth in paragraph 50 of the Complaint, and on that basis denies the allegations.

///

51. Paragraph 51 of the Complaint contains only legal conclusions and does not contain factual allegations that may be admitted or denied. To the extent that a response is required, Defendant lacks sufficient knowledge to either admit or deny the allegations set forth in paragraph 51 of the Complaint, and on that basis denies the allegations.

52. Responding to paragraph 52 of the Complaint, Defendant incorporates by this reference the preceding paragraphs as though set forth fully herein.

53. Paragraph 53 of the Complaint contains only legal conclusions and does not contain factual allegations that may be admitted or denied. To the extent that a response is required, Defendant lacks sufficient knowledge to either admit or deny the allegations set forth in paragraph 53 of the Complaint, and on that basis denies the allegations.

54. Paragraph 54 of the Complaint contains only legal conclusions and does not contain factual allegations that may be admitted or denied. To the extent that a response is required, Defendant lacks sufficient knowledge to either admit or deny the allegations set forth in paragraph 54 of the Complaint, and on that basis denies the allegations.

55. Paragraph 55 of the Complaint contains only legal conclusions and does not contain factual allegations that may be admitted or denied. To the extent that a response is required, Defendant lacks sufficient knowledge to either admit or deny the allegations set forth in paragraph 55 of the Complaint, and on that basis denies the allegations.

56. Responding to paragraph 56 of the Complaint, Defendant incorporates by this reference the preceding paragraphs as though set forth fully herein.

57. Defendant lacks sufficient knowledge to either admit or deny the allegations set forth in paragraph 57 of the Complaint, and on that basis denies the allegations.

58. Paragraph 58 of the Complaint contains only legal conclusions and does not contain factual allegations that may be admitted or denied. To the extent that a response is required, Defendant lacks sufficient knowledge to either admit or deny the allegations set forth in paragraph 58 of the Complaint, and on that basis denies the allegations.

59. Defendant lacks sufficient knowledge to either admit or deny the allegations set forth in paragraph 59 of the Complaint, and on that basis denies the allegations.

60.     Defendant lacks sufficient knowledge to either admit or deny the allegations set forth in paragraph 60 of the Complaint, and on that basis denies the allegations.

61.     Paragraph 61 of the Complaint contains only legal conclusions and does not contain factual allegations that may be admitted or denied. To the extent that a response is required, Defendant lacks sufficient knowledge to either admit or deny the allegations set forth in paragraph 61 of the Complaint, and on that basis denies the allegations.

62.     Paragraph 62 of the Complaint contains only legal conclusions and does not contain factual allegations that may be admitted or denied. To the extent that a response is required, Defendant lacks sufficient knowledge to either admit or deny the allegations set forth in paragraph 62 of the Complaint, and on that basis denies the allegations.

63.     Responding to paragraph 63 of the Complaint, Defendant incorporates by this reference the preceding paragraphs as though set forth fully herein.

64.     Defendant denies the allegations set forth in paragraph 64 of the Complaint.

65.     Paragraph 65 of the Complaint contains only legal conclusions and does not contain factual allegations that may be admitted or denied. To the extent that a response is required, Defendant denies the allegations set forth therein.

66.     Defendant denies the allegations set forth in paragraph 66 of the Complaint.

67.     Responding to paragraph 67 of the Complaint, Defendant denies that it made the representations referred to in paragraph 64 of the Complaint, and therefore denies that Plaintiff could have relied upon such representations.

68.     Paragraph 68 of the Complaint contains only legal conclusions and does not contain factual allegations that may be admitted or denied. To the extent that a response is required, Defendant denies the allegations set forth therein.

69.     Paragraph 69 of the Complaint contains only legal conclusions and does not contain factual allegations that may be admitted or denied. To the extent that a response is required, Defendant denies the allegations set forth therein.

70.     Responding to paragraph 70 of the Complaint, Defendant incorporates by this reference the preceding paragraphs as though set forth fully herein.

71. Paragraph 71 of the Complaint contains only legal conclusions and does not contain factual allegations that may be admitted or denied. To the extent that a response is required, Defendant denies the allegations set forth therein.

72. Paragraph 72 of the Complaint contains only legal conclusions and does not contain factual allegations that may be admitted or denied. To the extent that a response is required, Defendant denies the allegations set forth therein.

73. Paragraph 73 of the Complaint contains only legal conclusions and does not contain factual allegations that may be admitted or denied. To the extent that a response is required, Defendant denies the allegations set forth therein.

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

The Complaint, and each and every purported cause of action therein, fails to state facts constituting a claim for relief.

### SECOND AFFIRMATIVE DEFENSE

**(Statute of Limitations)**

The Plaintiff's recovery should be barred or diminished because the Complaint, and each and every purported cause of action therein, is barred by the applicable statute of limitations, including but not limited to those set forth in California Code of Civil Procedure Sections 337, 338, 339, 339(1), 340, 340(c), 343, and all subsections and/or divisions of said sections.

### THIRD AFFIRMATIVE DEFENSE

**(Waiver)**

Plaintiff has voluntarily relinquished and waived any rights it may have to institute the present action against Defendant and any other matter whatsoever related thereto.

### FOURTH AFFIRMATIVE DEFENSE

**(Laches)**

Plaintiff's conduct constitutes laches and, therefore, bars the granting of relief.

///

///

## FIFTH AFFIRMATIVE DEFENSE

### (Estoppel)

The causes of action which Plaintiff seeks to assert are barred, in whole or in part, by the doctrine of estoppel.

## SIXTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

The causes of action which Plaintiff seeks to assert are barred, in whole or in part, by the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

### (Consent)

Plaintiff consented to each and every alleged act and/or omission giving rise to Plaintiff's allegations and, therefore, Plaintiff is not entitled to any relief.

## EIGHTH AFFIRMATIVE DEFENSE

### (Preemption)

Plaintiff's claims are barred pursuant to the Employee Retirement and Income Security Act (ERISA), 29 USC § 1001 *et seq.*

## NINTH AFFIRMATIVE DEFENSE

### (Setoff and/or Recoupment)

Defendant is entitled to setoff and/or recoup any funds, damages, claims, losses, or other liabilities sustained by Defendant against any damages, if any, alleged to have been sustained by Plaintiff.

## TENTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

The alleged injuries of which the Plaintiff complains were a consequence of Plaintiff's and/or others' failure to use ordinary and reasonable care and caution appropriate in the circumstances, so that Plaintiff's recoveries, if any, should be barred or diminished accordingly.

/ / /

/ / /

## ELEVENTH AFFIRMATIVE DEFENSE

### (Apportionment of Fault)

Defendant denies it was liable in any fashion with respect to the damages, injuries or losses of which Plaintiff complains. However, if Defendant is found to be liable, then Defendant alleges that its alleged acts and/or omissions were not the sole or only legal cause of Plaintiff's injuries or damages as alleged, but that any damages assessed should be apportioned according to the respective fault of all the parties, persons, entities, agents, servants, employees and others who caused or contributed to the injuries and damages alleged herein, including but not limited to Plaintiff.

## TWELFTH AFFIRMATIVE DEFENSE

### (Intervening and Superseding Acts)

The Plaintiff's recovery, if any, should be barred or diminished because of the existence of one or more unforeseeable events or acts occurred which supersedes any alleged acts and/or omissions of Defendant.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

Plaintiff's alleged recovery should be barred or diminished because Plaintiff knowingly assumed all risks attendant to the activity at the time of injuries.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiff is barred from recovering any alleged damages as a result of Plaintiff's failure to mitigate its alleged damages and/or injuries.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

Defendant is unaware of any additional affirmative defenses that it might have at this time. Accordingly, Defendant expressly reserves the right to plead additional affirmative defenses which further legal analysis, investigation or discovery may reveal.

WHEREFORE, Defendant prays for judgment against Plaintiff as follows:

1.    That judgment be entered in favor of Defendant and that Plaintiff take nothing by reason of its Complaint;

2.    That Defendant herein be dismissed with prejudice from this action;

3.    For attorneys' fees and costs of suit incurred herein; and

4.    For such other and further relief as this Court may deem just and proper.

Dated: January 25, 2008

WERTZ McDADE WALLACE MOOT & BROWER
A Professional Corporation

By: _____
John H. Stephens
Julie A. Lewin
Attorneys for Defendant CALIFIA
DEVELOPMENT CORP. dba CDC
INSURANCE SERVICES

## DEMAND FOR JURY TRIAL

Defendant Califia Development Corporation, dba CDC Insurance Services, hereby demands a trial by jury.

Dated: January 25, 2008

WERTZ McDADE WALLACE MOOT & BROWER
A Professional Corporation


By: _____
John H. Stephens
Julie A. Lewin
Attorneys for Defendant CALIFIA
DEVELOPMENT CORP. dba CDC
INSURANCE SERVICES