ROBERT D. EASSA, Cal. Bar No. 107970
reassa@filicebrown.com
PAUL R. JOHNSON, Cal. Bar No. 115817
pjohnson@filicebrown.com
FILICE BROWN EASSA & McLEOD LLP
1999 Harrison Street, 18th Floor
Oakland, CA 94612
Tel: (510) 444-3131
Fax: (510) 839-7940

Attorneys for Defendant
FCE BENEFIT ADMINISTRATORS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MIDWEST TRANSPORT, INC.<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FCE BENEFIT ADMINISTRATORS, INC.,<br><br>　　　　Defendants. | Case No. C 07-04408 JCS<br><br>**ANSWER OF DEFENDANT FCE BENEFIT ADMINISTRATORS, INC. TO CROSS-CLAIM BY CALIFIA DEVELOPMENT CORPORATION DBA CDC INSURANCE SERVICES AND COUNTER CROSS-CLAIM FOR IMPLIED/EQUITABLE INDEMNITY; CONTRIBUTION; AND NEGLIGENT MISREPRESENTATION** |

　　　　Defendant FCE Benefit Administrators, Inc. (hereinafter referred to as "FCE"), in answer to Califia Development Corporation dba CDC Insurance Services' (hereinafter referred to as "Califia") cross-claim respectfully files its original answer and counter cross-claim Califia's cross-claim and would show the Court as follows:

## I. ORIGINAL ANSWER

1. In response to paragraph 1 of the cross-claim, FCE is without sufficient knowledge or information upon which to admit or deny, and on that basis, it denies the allegations of the paragraph.

2. In response to paragraph 2 of the cross-claim, FCE admits that it is a corporation with its company headquarters are in Burlingame, California.

3. In response to paragraph 3 of the cross-claim, FCE admits that Plaintiff Midwest Transport, Inc. (hereinafter referred to as "Midwest") filed a First Amended Complaint in this action on December 14, 2007. As to the remainder of the paragraph, FCE incorporates its denials, admissions, and/or inability to admit or deny as set forth in its Answer to Midwest's First Amended Complaint.

4. In response to paragraph 4 of the cross-claim, FCE concurs that the Court has subject matter jurisdiction over this cross-claim. FCE denies that Califia is entitled to any relief from FCE and denies the remainder of this paragraph.

5. In response to paragraph 5 of the cross-claim, FCE incorporates its denials, admissions, and/or inability to admit or deny as set forth in the preceding corresponding paragraphs.

6. In response to paragraph 6 of the cross-claim, FCE incorporates its denials, admissions, and/or inability to admit or deny as set forth in its Answer to Midwest's First Amended Complaint. FCE further denies that it owes Califia any defense or indemnity.

7. In response to paragraph 7 of the cross-claim, FCE denies the allegations in this paragraph.

8. In response to paragraph 8 of the cross-claim, FCE denies the allegations in this paragraph.

9. In response to paragraph 9 of the cross-claim, FCE denies the allegations in this paragraph.

10. In response to paragraph 10 of the cross-claim, FCE incorporates its denials, admissions, and/or inability to admit or deny as set forth in the preceding corresponding paragraphs.

11. In response to paragraph 11 of the cross-claim, FCE denies the allegations in this paragraph.

12. In response to paragraph 12 of the cross-claim, FCE incorporates its denials, admissions, and/or inability to admit or deny as set forth in the preceding corresponding paragraphs.

13. In response to paragraph 13 of the cross-claim, FCE denies the allegations and request for relief in this paragraph. FCE further denies that declaratory relief is an appropriate remedy in this case.

14. In response to paragraph 14 of the cross-claim, FCE denies the allegations and request for relief in this paragraph. FCE further denies that declaratory relief is an appropriate remedy in this case.

15. In response to paragraph 15 of the cross-claim, FCE denies the allegations and request for relief in this paragraph. FCE further denies that declaratory relief is an appropriate remedy in this case.

16. In response to the Prayer for Relief, FCE denies that Califia is entitled to any relief in this matter against FCE. FCE further denies that declaratory relief is an appropriate remedy in this case.

**FURTHER AND AFFIRMATIVE DEFENSES**

17. This action is preempted by the Employee Retirement and Income Security Act (ERISA), 29 U.S.C. § 1001 et seq.

18. The alleged damages, if any, are completely or in part the result of Midwest's failure to mitigate as required by law, and recovery by Midwest is, therefore, barred and/or limited.

19. The acts, conduct, or omissions of Midwest, and/or its agents or employees, and/or Califia and/or its agents or employees or others caused any damages alleged in the first amended

-3-

complaint (which damages are denied) and in the cross-claim (which damages are denied), and FCE has no liability to Midwest or Califia, or, if FCE were to be held liable to Midwest and/or Califia (which FCE denies), then such liability must be limited based on proportionate fault.

20. The damages, if any, alleged by Midwest (which damages are denied) and Califia (which damages are denied) were caused solely or in part by the comparative negligence of Midwest and/or Califia and each of their claims is barred wholly or in part by reason of such comparative negligence.

21. The damages, if any, alleged by Midwest (which damages are denied) and Califia (which damages are denied) were caused solely or in part by Midwest's failure to exercise its duty, authority and responsibility under the TPA Agreement to decrease and/or delete Plan benefits based upon recommendations made by FCE.

22. The damages, if any, alleged by Midwest (which damages are denied) and Califia (which damages are denied) were caused solely or in part by Califia's conduct in acting as the agent and representative of Midwest in its communications and directions to FCE regarding the Health & Welfare Plan of Midwest Transport, Inc.

23. The damages, if any, alleged by Midwest (which damages are denied) and Califia (which damages are denied) were cause solely or in part by Midwest's failure to comply with its duties under the TPA Agreement.

24. The damages, if any, alleged by Midwest (which damages are denied) and Califia (which damages are denied) were proximately caused by an unforeseeable, independent, intervening and/or superseding event beyond the control, and unrelated to any conduct of FCE. FCE's actions, if any, were superseded by the negligence and wrongful conduct of others, including, but not limited to, Califia.

25. Midwest's action is barred and/or FCE's conduct is excused on the basis that Midwest fraudulently or negligently made material misrepresentations. Such fraudulent or negligent material misrepresentations include, but are not limited to, the number of employees who would

enroll in the Health & Welfare Plan of Midwest Transport, Inc.; the amount of contributions that would be made to the plan; and the status of certain employees who were enrolled in the Plan.

26. Califia's action is barred and/or FCE's conduct is excused on the basis that Califia fraudulently or negligently made material misrepresentations. Such fraudulent or negligent material misrepresentations include, but are not limited to, the number of employees who would enroll in the Health & Welfare Plan of Midwest Transport, Inc.; the amount of contributions that would be made to the plan; and the status of certain employees who were enrolled in the Plan.

27. FCE further pleads that full or partial performance under the contract was impossible given the conduct of Midwest and/or Califia.

28. FCE further pleads that Midwest prevented FCE's performance under the TPA Agreement by failing to adhere to its own obligations and duties under the Agreement.

29. Additional affirmative defenses may be available to FCE, and FCE reserves the right to amend its answer to allege such additional affirmative defenses once they have been fully ascertained and can be pleaded.

**CLAIM FOR DECLARATORY RELIEF INAPPROPRIATE**

30. FCE further pleads that Califia's request for declaratory relief is inappropriate and is not an available form of relief in this action. Declaratory relief was not designed to adjudicate past conduct, as is being addressed in this litigation. The request for declaratory relief is inappropriate in the context of this case where the relative faults, if any, and rights, if any, of the parties will be adjudicated by a jury and where such relative fault can only be apportioned after a jury has determined the relative fault among the parties.

**PRAYER**

WHEREFORE, cross-defendant FCE Benefit Administrators, Inc, prays for judgment against Califia as follows:

1. That Califia take nothing and have no relief, whether by reason of the cross-claim herein or otherwise;

2. That FCE Benefit Administrators, Inc. be awarded its costs incurred in this lawsuit;

3. That, if FCE is found liable, the degree of responsibility and liability for the resulting damages be determined, and that FCE be liable only for the portion of total damages in proportion to its total responsibility for same; and

4. For such other and further relief as the Court deems proper.

## II. COUNTER CROSS-CLAIMS

### A. Implied/Equitable Indemnity

1. At all times material hereto, FCE performed all of its contractual duties owed to Midwest pursuant to the TPA Agreement.

2. FCE is in no way legally responsible for the acts and/or omissions giving rise to Plaintiff's First Amended Complaint nor legally responsible in any way for the damages alleged sustained by Midwest.

3. Califia is responsible, in whole or in part, for the injuries and damages, if any, purportedly suffered by Midwest as alleged in its First Amended Complaint.

4. Midwest alleges that it suffered damages or injuries. In the event that FCE is held liable for all or any part of the claims for damages asserted against it, then FCE is entitled to complete or partial indemnification and/or apportionment based upon the relative fault and responsibilities between the parties.

5. Due to Califia's failure to defend and indemnify FCE, FCE has suffered damages including attorneys' fees and costs in defending against Midwest's allegations in the First Amended Complaint.

### B. Contribution

6. In the event that FCE is held liable to any other party with respect to the allegations in Midwest's First Amended Complaint, FCE is entitled to contribution from Califia for any liability, money, or judgment paid, in excess of the degree to which FCE's culpability, faults and

responsibility, if any, contributed to the damages as alleged in Midwest's First Amended Complaint.

### C. Negligent Misrepresentation

7. Califia held itself out as the agent of Midwest and instructed FCE that it must communicate through Califia with respect to Midwest's Health & Welfare Plan.

8. Califia made representations to FCE regarding the number of employees who would participate in the Health & Welfare Plan of Midwest Transport, Inc.; the amount of contributions that would be made to the Plan; and the status of certain employees being enrolled in the Plan.

9. At the time that Califia made these representations, it had no reasonable basis to believe them to be true and made the representations with the intent to induce FCE to rely on these representations in making its recommendations and proposals.

10. FCE reasonably believed these representations to be true, and in reasonable reliance on these representations, made recommendations and proposals with respect to the medical benefits plan.

11. Had FCE been afforded the appropriate material facts with respect to the number of employees, the amount of contributions that would be made and the status of certain employees, it would have made recommendations and proposals based upon the accurate information provided.

12. Califia further instructed FCE to terminate the medical benefits plan of Midwest Transport, Inc.

13. According to Midwest, it never authorized Califia to terminate the medical benefits plan of Midwest Transport, Inc. Therefore, at the time that Califia made this representation, it had no reasonable basis for believe it to be true and made the representations with the intent to induce FCE to terminate the medical benefits plan.

14. FCE reasonably believed this representation to be true, and in reasonable reliance on this representation, terminated the medical benefits plan.

15. FCE would not have terminated the medical benefits plan if Califia, as agent for Midwest, had not instructed FCE to do so.

16. As a result of such negligent misrepresentations by Califia, FCE has been damaged.

**PRAYER**

**WHEREFORE**, FCE demands judgment on its counter cross-claims against Califia Development Corporation dba CDC Insurance Services for an order requiring Califia to defend and indemnify FCE against claims being asserted by Midwest; for apportionment of damages based upon the relative fault of Califia; damages, attorneys' fees, interest, costs, and for such other and further relief as the Court deems proper.

DATED: February 19, 2008         FILICE BROWN EASSA & McLEOD LLP

By:_____
ROBERT D. EASSA
PAUL R. JOHNSON
Attorneys for Defendant
FCE BENEFIT ADMINISTRATORS, INC.

-8-
ANSWER OF DEFENDANT FCE BENEFIT ADMINISTRATORS, INC. TO CROSS-CLAIM BY CALIFIA DEVELOPMENT CORPORATION DBA CDC INSURANCE SERVICES AND COUNTER CROSS-CLAIM FOR IMPLIED/EQUITABLE INDEMNITY; CONTRIBUTION; AND NEGLIGENT MISREPRESENTATION- C-07-04408 JCSCS