John H. Stephens, SBN 082971
jstephens@wertzmcdade.com
Julie A. Lewin, SBN 225150
jlewin@wertzmcdade.com
WERTZ McDADE WALLACE MOOT & BROWER
A Professional Corporation
945 Fourth Avenue
San Diego, California 92101
(619) 233-1888 / Fax: (619) 696-9476

Attorneys for Defendant CALIFIA
DEVELOPMENT CORPORATION
dba CDC INSURANCE SERVICES

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| MIDWEST TRANSPORT, INC. a Delaware Corporation,<br><br>            Plaintiff,<br>    v.<br><br>FCE BENEFIT ADMINISTRATORS, INC., a California Corporation; and CALIFIA DEVELOPMENT CORP., d/b/a CDC Insurance Services, a California Corporation,<br><br>            Defendants.<br>_____<br>CALIFIA DEVELOPMENT CORPORATION, d/b/a CDC Insurance Services, a California Corporation,<br><br>            Cross-Claimant,<br>    v.<br><br>FCE BENEFIT ADMINISTRATORS, INC., a California Corporation,<br><br>            Cross-Defendant. | CASE NO. C 07-4408 (CW)<br><br>**ANSWER OF CALIFIA DEVELOPMENT CORPORATION, dba CDC INSURANCE SERVICES TO COUNTER CROSS-CLAIM OF FCE BENEFIT ADMINSITRATORS, INC.**<br><br><br><br><br>Judge: The Honorable Claudia Wilkin<br>Courtroom: 2 |

Defendant/Cross-Claimant/Cross-Defendant Califia Development Corporation dba CDC Insurance Services ("Califia"), hereby answers the Counter Cross-Claim filed by

/ / /

Defendant/Cross-Defendant/Counter Cross-Claimant FCE Benefit Administrators, Inc. ("FCE"), and asserts its affirmative defenses as follows:

1. Responding to paragraph 1 of the Counter Cross-Claim, Califia denies the allegations.

2. Paragraph 2 of the Counter Cross-Claim contains legal conclusions and not factual allegations that may be admitted or denied. To the extent that a response is required, Califia lacks sufficient knowledge to either admit or deny the allegations, and on that basis denies the allegations.

3. Responding to paragraph 3 of the Counter Cross-Claim, Califia denies the allegations.

4. Responding to paragraph 4 of the Counter Cross-Claim, Califia admits that as to Plaintiff Midwest Transport, Inc. ("Midwest") and FCE, any damages suffered by Midwest should be apportioned between them. As the allegations pertain to Califia, it denies the allegations.

5. Responding to paragraph 5 of the Counter Cross-Claim, Califia denies the allegations.

6. Responding to paragraph 6 of the Counter Cross-Claim, Califia denies the allegations.

7. Responding to paragraph 7 of the Counter Cross-Claim, Califia admits that it held itself out as an insurance broker that endeavors to locate Third Party Administrators ("TPAs") for medical benefits plans on behalf of clients such as Midwest, and denies the remaining allegations.

8. Responding to paragraph 8 of the Counter Cross-Claim, Califia admits that it communicated certain information to FCE that was provided by Midwest concerning the anticipated number of participants in the plan, the contributions that might be made to the plan, and the status of certain employees expected to be enrolled in the plan. Califia denies the remaining allegations in paragraph 8 and affirmatively alleges that Midwest provided the actual information referred to in the paragraph for FCE.

/ / /

/ / /

9. Responding to paragraph 9 of the Counter Cross-Claim, Califia denies the allegations and affirmatively alleges that it made no such representations and instead transmitted certain information provided by the other parties.

10. Responding to paragraph 10 of the Counter Cross-Claim, Califia lacks sufficient knowledge to either admit or deny the allegations, and on that basis denies the allegations.

11. Responding to paragraph 11 of the Counter Cross-Claim, Califia lacks sufficient knowledge to either admit or deny the allegations, and on that basis denies the allegations.

12. Responding to paragraph 12 of the Counter Cross-Claim, Califia denies the allegations.

13. Responding to paragraph 13 of the Counter Cross-Claim, Califia denies the allegations, specifically denies that it made the representation alleged in the paragraph.

14. Responding to paragraph 14 of the Counter Cross-Claim, Califia lacks sufficient knowledge to either admit or deny the allegations, and on that basis denies the allegations.

15. Responding to paragraph 15 of the Counter Cross-Claim, Califia denies the allegations.

16. Paragraph 16 of the Counter Cross-Claim contains legal conclusions and not factual allegations that may be admitted or denied. To the extent that a response is required, Califia denies the allegations.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The Counter Cross-Claim, and each and every purported claim therein, fails to state facts constituting a claim for relief.

### SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations)

FCE's recovery should be barred or diminished because the Counter Cross-Claim, and each and every purported claim for relief, are barred by the applicable statute of limitations, including but not limited to those set forth in California Code of Civil Procedure Sections 337, 338, 339, 339(1), 340, 340(c), 343, and all subsections and/or divisions of said sections.

**THIRD AFFIRMATIVE DEFENSE**

**(Waiver)**

FCE has voluntarily relinquished and waived any rights it may have to institute the present action against Califia and any other matter whatsoever related thereto.

**FOURTH AFFIRMATIVE DEFENSE**

**(Laches)**

FCE's conduct constitutes laches and, therefore, bars the granting of relief.

**FIFTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

The claims for relief that FCE seeks to assert are barred, in whole or in part, by the doctrine of estoppel.

**SIXTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

The claims for relief that FCE seeks to assert are barred, in whole or in part, by the doctrine of unclean hands.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Consent)**

FCE consented to each and every alleged act and/or omission giving rise to FCE's allegations and, therefore, FCE is not entitled to any relief.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Preemption)**

FCE's claims are barred pursuant to the Employee Retirement and Income Security Act (ERISA), 29 USC § 1001 *et seq*.

**NINTH AFFIRMATIVE DEFENSE**

**(Setoff and/or Recoupment)**

Califia is entitled to setoff and/or recoup any funds, damages, claims, losses, or other liabilities sustained by Califia against any damages, if any, alleged to have been sustained by FCE.

/ / /

### TENTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

The alleged injuries of which the FCE complains were a consequence of FCE's and/or others' failure to use ordinary and reasonable care and caution appropriate in the circumstances, so that FCE's recoveries, if any, should be barred or diminished accordingly.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Apportionment of Fault)

Califia denies it is liable in any fashion with respect to the damages, injuries or losses of which FCE complains.  However, if Califia is found to be liable, then Califia alleges that its alleged acts and/or omissions were not the sole or only legal cause of FCE's injuries or damages as alleged, but that any damages assessed should be apportioned according to the respective fault of all the parties, persons, entities, agents, servants, employees and others who caused or contributed to the injuries and damages alleged herein, including but not limited to FCE.

### TWELFTH AFFIRMATIVE DEFENSE

### (Intervening and Superseding Acts)

FCE's recovery, if any, should be barred or diminished because of the existence of one or more unforeseeable events or acts occurred which supersedes any alleged acts and/or omissions of Califia.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

FCE's alleged recovery should be barred or diminished because FCE knowingly assumed all risks attendant to the activity at the time of injuries.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

FCE is barred from recovering any alleged damages as a result of FCE's failure to mitigate its alleged damages and/or injuries.

/ / /

/ / /

WERTZ McDADE WALLACE MOOT & BROWER
A Professional Corporation
945 Fourth Avenue
San Diego, California 92101
Tel (619) 233-1888 • Fax (619) 696-9476

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Reservation of Rights)**

Califia is unaware of any additional affirmative defenses that it might have at this time. Accordingly, Califia expressly reserves the right to plead additional affirmative defenses which further legal analysis, investigation or discovery may reveal.

WHEREFORE, Califia prays that:

1. Judgment be entered in favor of Califia, and FCE take nothing by reason of its Counter Cross-Claim;
2. FCE's Counter Cross-Claim be dismissed with prejudice;
3. Califia recover its attorney fees;
4. Califia recover its costs of suit; and
5. Califia be awarded such further relief as the Court deems just and proper.

Dated: March 10, 2008

WERTZ McDADE WALLACE MOOT & BROWER
A Professional Corporation

¶

By:  /s/ John H. Stephens
John H. Stephens
Attorneys for Defendant CALIFIA DEVELOPMENT CORPORATION, dba CDC INSURANCE SERVICES