ROBERT D. EASSA, Bar No. 107970
robert.eassa.service@filicebrown.com
SABRINA R. KARELS, Bar No. 248080
sabrina.karels.service@filicebrown.com
**FILICE BROWN EASSA & MCLEOD LLP**
1999 Harrison Street, Suite 1800
Oakland, California  94612-3520
Telephone:     (510) 444-3131
Facsimile:      (510) 839-7940

Attorneys for Defendant
FCE BENEFIT ADMINISTRATORS, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MIDWEST TRANSPORT, INC. , | Case No.  07-04408 CW |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| FCE BENEFIT ADMINISTRATORS, INC. , | |
| Defendant. | |

     1.     PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties further acknowledge, as set forth in Section 10 below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file material under seal.

1  2. DEFINITIONS

2  2.1 <u>Party</u>: any party to this action, including all of its officers, directors,
3  employees, consultants, retained experts, and outside counsel (and their support staff).

4  2.2 <u>Disclosure or Discovery Material</u>: all items or information, regardless of
5  the medium or manner generated, stored, or maintained (including, among other things,
6  testimony, transcripts, or tangible things) that are produced or generated in disclosures or
7  responses to discovery in this matter.

8  2.3 <u>"Confidential" Information or Items</u>: information (regardless of how
9  generated, stored or maintained) or tangible things that qualify for protection under standards
10 developed under F.R.Civ.P.26(c).

11 2.4 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material
12 from a Producing Party.

13 2.5 <u>Producing Party</u>: a Party or non-party that produces Disclosure or
14 Discovery Material in this action.

15 2.6 <u>Designating Party</u>: a Party or non-party that designates information or
16 items that it produces in disclosures or in responses to discovery as "Confidential."

17 2.7 <u>Protected Material</u>: any Disclosure or Discovery Material that is
18 designated as "Confidential."

19 2.8 <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are
20 retained to represent or advise a Party in this action.

21 2.9 <u>House Counsel</u>: attorneys who are employees of a Party.

22 2.10 <u>Counsel</u> (without qualifier): Outside Counsel and House Counsel (as well
23 as their support staffs).

24 2.11 <u>Expert</u>: a person with specialized knowledge or experience in a matter
25 pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert
26 witness or as a consultant in this action and who is not a past or current employee of an opposing
27 Party. This definition includes a professional jury or trial consultant retained in connection with
28 this litigation.

2.12   Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4.   DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5.   DESIGNATING PROTECTED MATERIAL

5.1   Exercise of Restraint and Care in Designating Materials for Protection. Each Designating Party must take care to limit any "Confidential" designation to specific material that qualifies under the appropriate standards.  A Designating Party also must take care to limit "Confidential" designations to only those parts of material, documents, items or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 Manner and Timing Designations. Except as otherwise provided in this Order (see e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the

- 3 -

**STIPULATED PROTECTIVE ORDER**
**USDC 07-04408 CW**

1   material is disclosed or produced.  This provision is meant to apply to any documents produced
2   prior to the date of this Order which were indicated to have been produced in a confidential
3   manner, including, but not limited to documents previously produced by FCE Benefit
4   Administrators, Inc. and affixed with the label "CONFIDENTIAL."
5       Designation in conformity with this Order requires:
6           (a)  <u>for information in documentary form</u> (apart from transcripts of
7   depositions or other pretrial or trial proceedings), that the Designating Party affix the legend
8   "CONFIDENTIAL," at the top or bottom of the front page of each document that contains
9   protected material in a fashion that is easily identifiable.  If only a portion or portions of the
10  material on a page qualifies for protection, the Designating Party also must clearly identify the
11  protected portion(s) (e.g., by making appropriate markings in the margins).
12              A Producing Party that makes original documents or materials available for
13  inspection need not designate them for protection until after the inspecting Party has indicated
14  which material it would like copied and produced.  During the inspection and before the
15  designation, all of the material made available for inspection shall be deemed Confidential.  After
16  the inspecting Party has identified the documents it wants copied and produced, the Producing
17  Party must determine which documents, or portions thereof, qualify for protection under this
18  Order, then, before producing the specified documents, the Producing/Designating Party must
19  affix the appropriate legend "CONFIDENTIAL" at the top of each page that contains Protected
20  Material.  If only a portion or portions of the material on a page qualifies for protection, the
21  Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate
22  markings in the margins).
23          (b)  <u>for testimony given in deposition or in other pretrial or trial</u>
24  <u>proceedings</u>, that the Party or non-party offering or sponsoring the testimony identify on the
25  record, before the close of deposition,  hearing, or other proceeding, that testimony is entitled to
26  protection.  The Party or non-party that sponsors, offers, or gives the testimony may invoke on the
27  record (before the deposition or proceeding is concluded) a right to have up to 30 days to identify
28  the specific portions of the testimony as to which protection is sought.  Only those portions of the

1  testimony that are appropriately designated for protection within the 30 days shall be covered by
2  the provisions of this Stipulated Protective Order.

3  Transcript pages containing Protected Material must be separately bound
4  by the court reporter, who must affix to the top of each page the legend "CONFIDENTIAL," or
5  as instructed by the Party or non-party offering or sponsoring the witness or presenting the
6  testimony.

7  (c) <u>for information produced in some form other than documentary, and
8  for any other tangible things</u>, that the Producing/Designating Party affix in a prominent place on
9  the exterior of the container or containers in which the information or item is stored the legend
10  "CONFIDENTIAL." If only portions of the information or item warrant protection, the
11  Producing/Designating Party, to the extent practicable, shall identify the protected portions.

12  5.3  <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent
13  failure to designate qualified information or items as "CONFIDENTIAL" does not, standing
14  alone, waive the Designating Party's right to secure protection under this Order for such material.
15  If material is appropriately designated as "CONFIDENTIAL" after the material was initially
16  produced, the Receiving Party, on timely notification of the designation, must make reasonable
17  efforts to assure that the material is treated in accordance with the provisions of this Order.

18  6.  <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

19  6.1  <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating
20  Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness,
21  unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party
22  does not waive its right to challenge a confidentiality designation by electing not to mount a
23  challenge promptly after the original designation is disclosed.

24  6.2  <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a
25  Designating Party's confidentiality designation must do so in good faith and must begin the
26  process by conferring directly (in voice to voice dialogue; other forms of communication are not
27  sufficient) with counsel for the Designating Party. In conferring, the challenging Party must
28  explain the basis for its belief that the confidentiality designation was not proper and must give

- 5 -

**STIPULATED PROTECTIVE ORDER**
**USDC 07-04408 CW**

1  the Designating Party an opportunity to review the designated material, to reconsider the

2  circumstances, and, if no change in designation is offered, to explain the basis for the chosen

3  designation.  A challenging Party may proceed to the next stage of the challenge process only if it

4  has engaged in this meet and confer process first.

5        6.3     Judicial Intervention.  A Party that elects to press a challenge to a confidentiality

6  designation after considering the justification offered by the Designating Party may file and serve

7  a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable)

8  that identifies the challenged material and sets forth in detail the basis for the challenge. Each

9  such motion must be accompanied by a competent declaration that affirms that the movant has

10  complied with the meet and confer requirements imposed in the preceding paragraph and that sets

11  forth with specificity the justification for the confidentiality designation that was given by the

12  Designating Party in the meet and confer dialogue.

13        The burden of persuasion in any such challenge proceeding shall be on the

14  Designating Party.  Until the court rules on the challenge, all parties shall continue to afford the

15  material in question the level of protection to which it is entitled under the Producing Party's

16  designation.

17      7.     ACCESS TO AND USE OF PROTECTED MATERIAL

18        7.1     Basic Principles.  A Receiving Party may use Protected Material that is

19  disclosed or produced by a Designating Party in connection with this case only for prosecuting,

20  defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only

21  to the categories of persons and under the conditions described in this Order.  When the litigation

22  has been terminated, a Receiving Party must comply with the provisions of section 11, below

23  (FINAL DISPOSITION).

24    Protected Material must be stored and maintained by a Receiving Party at a location and

25  in a secure manner that ensures that access is limited to the persons authorized under this Order.

26        7.2     Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise

27  ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may

28  disclose any information or item designated CONFIDENTIAL only to:

- 6 -

**STIPULATED PROTECTIVE ORDER**
**USDC 07-04408 CW**

1       (a)     the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation, who by signature of their counsel of record hereto agree to be bound by the provisions of this Order;

2       (b)     the officers, directors, and House Counsel of the Receiving Party to whom disclosure is reasonably necessary for this litigation, who by this signature of their counsel of record hereto agree to be bound by the provisions of this Order; other employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

3       (c)     experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

4       (d)     the Court and its personnel;

5       (e)     court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

6       (f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

7       (g)     the author of the document or the original source of the information.

8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL," the Receiving Party must so notify the Designating Party, in writing (by fax, if

- 7 -

**STIPULATED PROTECTIVE ORDER**
**USDC 07-04408 CW**

1  possible) immediately and in no event more than three court days after receiving the subpoena or
2  order.  Such notification must include a copy of the subpoena or court order.

3  The Receiving Party also must immediately inform in writing the Party who caused the
4  subpoena or order to issue in the other litigation that some or all the material covered by the
5  subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must
6  deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that
7  caused the subpoena or order to issue.

8  The purpose of imposing these duties is to alert the interested parties to the existence of
9  this Protective Order and to afford the Designating Party in this case an opportunity to try to protect
10 its confidentiality interests in the court from which the subpoena or order issued.  The
11 Designating Party shall bear the burdens and the expenses of seeking protection in that court of its
12 confidential material - and nothing in these provisions should be construed as authorizing or
13 encouraging a Receiving Party in this action to disobey a lawful directive from another court.

14 9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

15 If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected
16 Material to any person or in any circumstance not authorized under this Stipulated Protective
17 Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the
18 unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material,
19 (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of
20 this Order, and (d) request such person or persons to execute the "Acknowledgment and
21 Agreement to Be Bound" that is attached hereto as Exhibit A.

22 10.   FILING PROTECTED MATERIAL

23 Without written permission from the Designating Party or a court order secured after
24 appropriate notice to all interested persons, a Party may not file in the public record in this
25 action any Protected Material.  A Party that seeks to file under seal any Protected Material must
26 comply with Civil Local Rule 79-5.

27 If a Party receives or has received Protected Material from a source other than in
28 connection with this litigation, then the Receiving Party is not required to treat such information

- 8 -

**STIPULATED PROTECTIVE ORDER**
**USDC 07-04408 CW**

1 received from such other source as Protected Material, provided that the other source disclosing

2 such information was not in violation of this Order and the Receiving Party has no knowledge or

3 reason to have knowledge of such violation.  Notwithstanding the foregoing, nothing in this

4 Order shall be construed to affect any confidentiality obligation under applicable federal or state

5 law.

6     11.    FINAL DISPOSITION

7 Unless otherwise ordered or agreed in writing by the Designating Party, within sixty

8 days after the final termination of this action, each Receiving Party must return all Protected

9 Material to the Designating Party.  As used in this subdivision, "all Protected Material"

10 includes all copies, abstracts, compilations, summaries or any other form of reproducing or

11 capturing any of the Protected Material, except for Protected Material covered by the

12 attorney-client privilege or the attorney work product doctrine, pleadings filed in this action,

13 transcriptions, deposition, trial or hearing exhibits and discovery responses which shall remain

14 subject to the Protective Order as set forth in Section 4 (DURATION) above.  With permission

15 in writing from the Designating Party, the Receiving Party may destroy some or all of the

16 Protected Material instead of returning it.  Whether the Protected Material is returned or

17 destroyed, the Receiving Party must submit a written certification to the Designating Party by

18 the sixty day deadline that identifies (by category, where appropriate) all the Protected Material

19 that was returned or destroyed and that affirms that the Receiving Party has not retained any

20 copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the

21 Protected Material except as otherwise allowed in this Section.

22     12.    MISCELLANEOUS

23     12.1    Right to Further Relief.  Nothing in this Order abridges the right of any

24 person to seek its modification by the Court in the future.

25     12.2    Right to Assert Other Objections.  By stipulating to the entry of this

26 Protective Order no Party or non-party waives any right it otherwise would have to object to

27 disclosing or producing any information or item on any ground not addressed in this Stipulated

28

**STIPULATED PROTECTIVE ORDER**
**USDC 07-04408 CW**

1  Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence

2  of any of the material covered by this Protective Order.

3  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

5  Dated:  November 25, 2008                CARMODY MACDONALD P.C.

7                                           By:    /s/ David P. Stoeberl
                                                   DAVID P. STOEBERL
8                                                  Attorneys for Plaintiffs
                                                   MIDWEST TRANSPORT, INC.

10 Dated:  November 25, 2008                FILICE BROWN EASSA & McLEOD LLP

12                                          By:    /s/ Sabrina Karels
                                                   ROBERT D. EASSA
13                                                 SABRINA R. KARELS
14                                                 Attorneys for Defendant
                                                   FCE BENEFITS ADMINSTRATORS, INC.

16 Dated:  November 25, 2008                MANNING & MARDER, ET AL.

18                                          By:    /s/ Michael Smith
                                                   MICHAEL L. SMITH
19                                                 Attorneys for Defendant and Cross-Claimant
                                                   CALIFIA DEVELOPMENT CORPORATION
20                                                 D/B/A CDC INSURANCE SERVICES

22 **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

23 Dated:  12/5/08

                                            _____
24                                          THE HONORABLE  CLAUDIA WILKEN

# **EXHIBIT A**

## **ACKNOWLEDGMENT AND AGREEMENT TO E BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of ***Midwest Transport, Inc. v. FCE Benefit Administrators, Inc., et al., USDC Case No. C07-4408 CW***.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ of _____ as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where Sworn and Signed: _____

Printed Name: _____

Signature: _____